AGNES PETERSON v. ADAMS EXPRESS COMPANY, Appellant.

**Negligence:** VERDICT: *New trial.* The evidence showed that plaintiff was injured by her horse becoming frightened by defendant's employe removing a black canvas cover from an express wagon while it was standing near a public highway; that he pulled the top towards the rear of the wagon, and that as he did so, and as the center thereof passed over the rear of the wagon, the front of the cover rose in the. air. *Held,* not such a failure of evidence as to defendant's negligence as would authorize setting aside a. verdict finding defendant guilty of negligence.

CONTRIBUTORY NEGLIGENCE. Where the act of defendant's agent frightened a horse which plaintiff was driving, resulting in her injury, plaintiff cannot be charged with contributory negligence, if she was exercising reasonable care, though the horse was unsafe, providing she did not know it.

*Appeal from Montgomery District Court.*—HON. N. W. MACY, Judge.

TUESDAY, MAY 22, 1900.

ACTION to recover damages for a personal injury. There was a trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*C. E. & P. W. Richards* and *Smith McPherson* for appellant.

*J. M. Junkin* and *Ralph Pringle* for appellee.

SHERWIN, J.—The plaintiff was severely injured in September, 1898, in the city of Red Oak. She alleges that

she was driving a single horse along the beaten track of a public street about 5 o'clock in the afternoon, and that at said time one of the defendant's large express wagons was standing in said street, about eight feet distant from the beaten track thereof, and that one of the defendant's servants, while acting within the scope of his authority and within the line of his duty and employment, carelessly and negligently lifted a large top from said wagon, and moved it towards the beaten track on said street, in the direction the plaintiff was traveling, in such manner as to frighten her horse and cause it to run away. The negligence complained of is the manner of removing the top from the defendant's wagon at the time in question. The top was about eight feet long, four feet wide and five feet high, and was made of bows and slats, and covered with black canvas. One of the defendant's drivers, Combs, was removing it from the wagon without help. He was on the ground at the rear of the wagon, with his back toward the plaintiff, and was pulling the top off backward. When it was partly off, the front end of the top tipped up and frightened the horse. The horse was at the time some eight or ten feet from the top The plaintiff noticed that the top was being taken off when she was forty or fifty feet south of it, but drove right along the street towards it, her horse trotting. It does not appear whether the driver, Combs, saw her approaching or not. There is evidence tending to show that he might have seen her before he started to pull the top off. The plaintiff had driven the horse about the streets of Red Oak several times prior to her injury, and did not know that it was not a reasonably safe and gentle horse for her to drive. The defendant insists that the whole record fails to show negligence on its part, that it does show contributory negligence on the part of the plaintiff, and that the court erred in giving to the jury instruction No. 7. The specific objection to this instruction is that it told the jury that the plaintiff would

not be justified in driving along the public street with an animal which was known by her not to be reasonably safe and gentle. It is said that this instruction does not announce the correct rule, and that the plaintiff must prove that the animal was reasonably safe and gentle in fact. The contention of the defendant cannot be maintained. Nor do the Iowa authorities cited in support thereof sustain it. They hold that the opinion of the injured party as to whether a certain course was or was not safe was not material. No such question is presented in this case. Here the jury was told, in effect, that the plaintiff would not be guilty of contributory negligence if she did not know that the horse was unsafe, and was herself exercising reasonable care in driving it. The instruction is, directly in line with the holding in *Martin v. Town of Algona*, 40 Iowa, 390, and *Gould v. Schermer*, 101 Iowa, 582.

There is weight in the defendant's claim that the evidence does not show negligence on the part of Combs in removing the wagon top in the manner and under the circumstances shown. The evidence on this branch of the case is far from satisfactory to us. Still, we cannot say there is such a failure thereof as to warrant us in setting the verdict aside. The jury was properly instructed on the question of plaintiff's contributory negligence, and the evidence fully warranted its finding thereon. The judgment of the district court is AFFIRMED.