Martin v. The Town of Algona.

## MARTIN v. THE TOWN OF ALGONA ET AL.

1. **Verdict**: EVIDENCE. Where the evidence is *in equilibrio*, the verdict will not be disturbed on account of the conflict, in the absence of reason to believe that it was not the result of an honest exercise of judgment.

2. **Evidence**: WEIGHT OF ADMISSIONS. Mere verbal admissions, hastily or impulsively made, should be received with caution; but when deliberately made and often repeated, they become satisfactory evidence.

3. **Practice**: INSTRUCTIONS: WITHOUT PREJUDICE. The refusal to give an instruction based upon facts found specially by the jury not to exist is without prejudice to the party complaining.

4. **Negligence**: KNOWLEDGE OF ANOTHER. A party cannot be prejudiced by the possession of knowledge by another which is not communicated to him, regardless of the relations of the two.

5. **Evidence**: EXPLANATION OF MEANING BY WITNESS. Where a witness was permitted to explain certain words which he used to another and the explanation did not modify their common import, it was *held* error without prejudice.

*Appeal from Humboldt Circuit Court.*

FRIDAY, APRIL 23.

ACTION to recover for personal injuries sustained by plaintiff in being thrown from a sleigh, caused, as he alleges, by obstructions placed in the streets of the town of Algona by the other defendants, which were negligently suffered by the officers of the town. There was a trial to a jury which resulted in a verdict for plaintiff of $11,000. Upon a motion for a new trial, the plaintiff was by the court required to remit $6,500 of the verdict, otherwise it would be set aside. The *remittitur* having been entered, the motion was overruled, and judgment entered for $5,000. Defendants appeal.

*Parsons & Lewis*, for appellants.

*Geo. E. Clarke*, for appellee.

BECK, J.—The plaintiff was an employe of the keeper of a hotel in Algona, and was charged with the care of a stable

Martin v. The Town of Algona.

kept in connection with the house. At the request of the owner of a team kept at the stable, who directed the horses to be brought to him, the plaintiff attached them to a sleigh, to which they were accustomed to be driven, and proceeded with them to the place he was directed by the owner, riding in the sleigh, and driving in the usual manner. When upon the street the horses, being spirited, and becoming excited, ran with plaintiff. He retained the reins, and endeavored to check the horses and guide their course, but, when they had run a short distance, the sleigh came in contact with a pile of fire wood in the street and plaintiff, with great violence, was thrown upon it, and thereby sustained great and exceedingly painful injuries. His ankle and knee, whether right or left the abstract does not disclose, were crushed and broken, and other wounds inflicted. It became necessary to amputate his leg. His sufferings were protracted and most severe.

The wood pile was in the street, and it cannot be claimed that it was not an obstruction to the use thereof. It was placed there by defendants, Ingham and Smith, of which, and its continuance, the town authorities had ample notice.

I. The main objection made by defendants to the judgment, at least the one which their counsel present with most particularity, and most elaborate argument, is that the general and special verdicts are in conflict with the evidence. The objection principally rests upon the position maintained by counsel, that the evidence establishes contributory negligence on the part of plaintiff. And this negligence, it is claimed, consisted, among other things, in plaintiff attempting to run the horses upon the wood pile, for the purpose of stopping them, and in the attempt to drive animals of such wild and unmanageable natures. Upon the first question of fact here suggested there was a conflict of evidence which, as it appears from the abstract before us, leaves the case pretty evenly balanced. But there is no foundation for the conclusion that the jury's finding thereon, as well as upon all the issues of the case, was not the result of honest, intelligent and unbiased exercise of judgment. We cannot therefore disturb the verdict. Upon the other question of fact men-

1 VERDICT: evidence.

tioned, as well as upon most of the other issues, the great preponderance of the evidence accords with the jury's findings.

II. The evidence most directly tending to support defendant's claim that the accident resulted from plaintiff's attempt

2. EVIDENCE: weight of admissions.

to stop the horses by driving them upon the wood pile, consisted of certain declarations which certain witnesses testified plaintiff made immediately, or within a short time, after the accident. The court directed the jury that such evidence, "consisting of the mere repetition of oral statements, and being therefore subject to much imperfection and mistake, through misunderstanding, excitement, or impulse of the party, and want of proper understanding of the words by the hearers and their imperfection of memory, should be cautiously received; but when such admissions are deliberately made, or often repeated, and are correctly given, they are often the most satisfactory evidence; that the jury should consider all the circumstances under which such admissions were made and introduced in evidence, and give them such weight as they were justly entitled to receive." There can be no objection to the rule; it is stated substantially in the words of the authorities. 1 Greenleaf's Ev., § 200. It was applicable to the case presented by the evidence.

III. The defendants asked the court to direct the jury that, if they found from the evidence, "the plaintiff was thrown

3. PRACTICE: instructions.

upon the ground and neither the sleigh nor the horses struck the wood pile, and that the wood pile in no way contributed to his being thrown out, he cannot recover." This instruction might well have been given, but its refusal wrought no prejudice in view of the fact that by three separate special findings the jury declare that plaintiff's injury was directly caused by the obstruction of the street by means of the wood pile. They were explicitly directed that they must find, to justify a verdict for plaintiff, that the wood pile directly caused the accident.

IV. The court refused an instruction to the effect that plaintiff could not recover, "if the accident was caused wholly by the team's becoming unmanageable." If the jury found the wood pile directly caused the injury, as they were required in

order to find for plaintiff, they must have found it was not *wholly* caused by any other circumstance. This instruction was, therefore, covered by others given.

V. Instructions were asked by defendant to the effect that if the horses were unsafe and in a high degree unmanageable, 4. NEGLIGENCE: and so known to the owner, plaintiff cannot
fault of another. recover. They were properly refused. We are very certain that no principle of law will impute fault to plaintiff on account of knowledge locked up in the breast of another man, whatever may be the relations between them.

VI. A witness, the owner of the team, testified to some words of caution which he gave plaintiff in regard to the 5. EVIDENCE: horses. He was asked by plaintiff's counsel what
explanation idea he intended to convey by the words. Defend-
of meaning
by witness. ant objected to the question on the ground that their meaning could not be varied by the unexpressed intention of the speaker. The witness was permitted to answer the question of which defendants complain. The answer of the witness gave no other interpretation to his words than that demanded by their obvious meaning, unless it be a slight limitation upon them of no importance whatever. We do not think it possible that defendants were prejudiced by the evidence.

VII. A witness was permitted, against defendant's objection, to testify to the dates of his hauling wood and depositing it upon the pile in question, showing that this was done frequently for three or four months before the accident. The evidence was not incompetent, as it tended to show knowledge and assent of the town authorities to the obstruction of the street caused by the wood.

VIII. The defendants complain of the amount of the judgment finally entered up by the court, and insist that it is excessive, and beyond the sum which would be lawful compensation for the injury. Considering the great and permanent injury sustained by plaintiff, the severe and protracted sufferings he endured, and all the facts bearing upon the question, we think there is no ground upon which we can, or ought to interfere with the judgment.

AFFIRMED.