SARAH L. SCURLOCK, Appellee, v. CITY OF BOONE, Appellant.

**Evidence:** HYPOTHETICAL QUESTIONS: DISCRETION. The trial court has a large discretion in prescribing the form of a hypothetical question which will not be interfered with on appeal in the absence of its abuse.

**Evidence:** ADMISSIONS OF A PARTY: INSTRUCTION. An instruction that evidence of the verbal admissions of a party made a long time previously are subject to mistake and misrepresentation and should be received with caution, without more, is erroneous, as tending to minimize the evidence; but to state the true rule the court should add the further statement that when deliberately made, often repeated and correctly given they are often most satisfactory evidence, and the jury should consider all the circumstances under which they were made and give them the weight they are entitled to.

**Same.** The use of the word "some" by the court in his instruction, relating to the evidence of admissions, is also condemned as tending to belittle its importance.

Municipal corporations: DEFECTIVE WALKS: INSTRUCTION. Ordinarily an instruction that a city is liable to one who is injured through a defect in the street while in the exercise of due care, if the defect was known to the city, or might have been known by the exercise of reasonable care, in time to have remedied the defect is erroneous, because failing to state the measure of the defendant's duty in the care of its streets; but in the instant case it is questionable if it should be held erroneous because of the nature of the defect, and because the case is reversed on other grounds the question is not decided.

New trial: AMENDMENT OF MOTION: TIME OF FILING. A motion for a new trial is not necessary for a review of exceptions appearing in the record, and therefore it was immaterial whether the amendment to the motion for new trial in the instant case was filed in time.

Weaver, J., dissenting.

*Appeal from Boone District Court.*—HON. ROBERT M. WRIGHT, Judge.

THURSDAY, MARCH 18, 1909.

REHEARING DENIED WEDNESDAY, MAY 12, 1909.

THIS is an action for personal injuries arising from a fall upon a defective sidewalk. Verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*J. L. Stevens* and *H. E. Fry,* for appellant.

*Harpel, Creighton & Cederquist,* for appellee.

EVANS, C. J.—The plaintiff was a resident of the defendant city. On February 26, 1907, she claims to have fallen upon one of the sidewalks by reason of a loose board thereon. The claim is that her grandson, who was walking at her side, stepped upon one end of the board, whereby the other end was thrown up against the plaintiff in such a way as to cause her to fall. It is claimed that she

suffered internal injuries either by the fall or by the blow from the board. It was claimed at the time of trial that she was then in a poor state of health, and one of the issues of fact in dispute was whether her then condition was caused by the accident complained of.

I. Appellant's counsel present many assignments of error in their argument, and we have considered them with due care. Many rulings in the introduction of evidence are challenged. We find no error in these rulings. Appellant makes special complaint of the ruling. of the court whereby it sustained the plaintiff's objection to the hypothetical question put by defendant's counsel to their own expert, Dr. Stanger. The trial court must be permitted to exercise a large discretion in prescribing the form of a hypothetical question to an expert witness. We do not think the court abused its discretion in this case. If otherwise, the witness was permitted later to cover the same ground fully without objection, and it leaves the appellant no ground of complaint in that regard.

1. EVIDENCE: hypothetical questions: discretion.

II. It appeared from the testimony on behalf of the plaintiff that prior to the accident she had always maintained good health. On behalf of the defendant, Mrs. Miller and Mrs. Ball, her daughter, both testified that on one occasion, about two years previous, the plaintiff called at their home at Ames, and that she stated to them at that time that she was in very poor health. T. L. Jones, one of the city council, testified also that prior to the accident the plaintiff had frequently told him that she was not well. None of this testimony was denied by the plaintiff, either directly or indirectly; nor did she refer to it in any way in her rebuttal testimony. The court gave to the jury the following instruction. "(12½) There is some evidence in this case with respect to an admission by the plaintiff in regard to the condition of her health at a time prior to

2. SAME: admissions of a party: instruction.

the accident.   Verbal admissions, consisting of mere repre-
sentations of oral statements, made a long time before, are
subject to much imperfection and mistakes, for the reason
that the person making them may not have expressed her
own meaning, or the witness may not have understood her,
or, by not giving her exact language, may have changed
the meaning of what was actually said, and this is es-
pecially true where a long time has elapsed since the al-
leged admission was made.   Such evidence should therefore
be received by you with caution."   This instruction is
earnestly challenged by the appellant.   We are constrained
to hold that it can not be sustained.   This court has here-
tofore approved the rule on this point as laid down by
Greenleaf:   1 Greenleaf, section 200; *Martin v. Town of
Algona,* 40 Iowa, 392; *Allen v. Kirk,* 81 Iowa, 670.

It will be observed that the instruction under con-
sideration, through probable oversight, falls short of stating
the Greenleaf rule.   As set forth in the *Martin* case, *supra,*
the following should have been added:   "But when such
admissions are deliberately made or often repeated, and are
correctly given, they are often the most satisfactory evi-
dence, and the jury should consider all the circumstances
under which they were made and give them such weight as
they are justly entitled to receive."   This latter proviso
gives a proper balance to the rule.   An instruction sub-
stantially in the form of the one under consideration was
condemned by this court in *Hawes v. B., C. R. & N. Ry.
Co.,* 64 Iowa, 315.   See, also, *Castner v. Railway Co.,* 126
Iowa, 586.   The natural effect of the court's instruction as
given was to minimize unduly the testimony of the defend-
ant on the subject referred to, and this is especially so in
view of the fact that the plaintiff neither denied the state-
ments attributed to her, nor denied recollection of them,
nor offered any explanation.

The tendency of this instruction to minimize the evi-
dence referred to was further emphasized by the use of

the word "some" in the first sentence. This court has

3. SAME.

heretofore condemned the use of this word in this connection, in that its tendency is to belittle the evidence referred to. *State v. Donovan,* 61 Iowa, 369; *State v. Dorland,* 103 Iowa, 174; *State v. Rutledge,* 135 Iowa, 581. We feel constrained therefore to hold that defendant's exception to this instruction must be sustained.

III. Appellant complains of instruction 3½, which is as follows: "Under the law of Iowa a city or town must answer in damages to one who while in the exercise of due

4. MUNICIPAL CORPORATIONS: defective walks: instruction.

care is injured by reason of an obstruction or defect in the public street of such city or town, if such obstruction or defect was known to the officers of said city or town, or could have been known by them by the exercise of reasonable care and diligence for such reasonable length of time before the accident as would have enabled them to remove the obstruction or remedy the defect." This instruction fails to state the measure of defendant's duty with reference to the maintenance of its sidewalks, namely, that it is required only to maintain them in a reasonably safe condition for public travel; nor is the omission supplied by any other instruction given. Abstractly considered, it must be said therefore that the instruction is erroneous in this respect. Usually it is a question of fact for the jury to determine in a given case whether a sidewalk was in a reasonably safe condition for public travel notwithstanding the defect, if any, complained of. It is argued in support of the instruction that the very definition of "defect" in a sidewalk implies such a condition as to render it not reasonably safe. If we should concede this to be so in a strictly legal sense, yet this is not such a definition as would readily present itself to the mind of a juror. It is important that the juror should understand without doubt the very basis upon which the liability of a city rests.

In view, however, of the nature of the defect involved in this case and the evidence descriptive thereof, it is a close question with us whether we should not hold the error to be without prejudice, and we are not wholly agreed upon the question. Inasmuch as there must be a new trial because of the error pointed out in the foregoing division, we content ourselves with this discussion of instruction No. 3½ in order that the error may be avoided on a future trial.

IV. A controversy is presented between the parties as to whether defendant's amendment to motion for a new trial was filed in time. It was permitted by the trial court. It presented no extraneous matter, but was based wholly on the record. We fail to see the materiality of the dispute. This amendment was somewhat more specific in its objections to the instructions than the original motion was, but it appears from the record that defendant saved exceptions to the instructions at the time they were given. It was not required therefore to incorporate exceptions in a motion for a new trial. Nor was it necessary that it file a motion for a new trial at all in order to entitle it to review in this court.

5. New trial: amendment of motion: time of filing.

Other questions argued by counsel are not such as are likely to arise upon a new trial.

For the error pointed out in instruction 12½, the judgment below must be *reversed*.

Weaver, J. (dissenting).—The first instruction condemned was concededly right so far as it went, and, if counsel desired a more complete statement of its limitations, it was an easy thing to request it. Not having done so, I think there was no error. Concerning the other instruction mentioned, I am of the opinion the "defect" complained of was of such character that an omission to state in specific terms the general rule as to the city's duty in

respect to its streets could have worked no prejudice. That a loose plank, which is liable to trip and cause the fall of a traveler, is a defect which the city is bound to remedy after actual or constructive notice of its existence is clear, and failure to correct such defect on such notice is, in my judgment, negligence as a matter of law. The court did instruct the jury properly as to the city's duty in this respect.

I therefore dissent from the conclusion announced by the majority.