David A. KUNAU, Appellant,

v.

James D. MILLER, Appellee.

Nos. 67129, 67543.

Supreme Court of Iowa.

Jan. 19, 1983.

James L. Pillers of Pillers, Pillers & Pillers, P.C., Clinton, for appellant.

John Frey, Jr., of Jurgemeyer, Frey & Haufe, Clinton, for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, UHLENHOPP, HARRIS, and McCORMICK, JJ.

McCORMICK, Justice.

These consolidated appeals must be dismissed because of plaintiff's failure to take them within the time provided in Iowa R.App.P. 5(a).

In each action plaintiff David A. Kunau sought damages from defendant James D. Miller based on allegations that defendant interfered with plaintiff's marriage.

The first action was filed in March 1981. Defendant filed a motion to dismiss alleging the petition failed to state a claim upon which relief could be granted in view of this court's abrogation of the alienation of affections tort in *Fundermann v. Mickelson,* 304 N.W.2d 790 (Iowa 1981). Defendant subsequently asked for a continuance and oral argument. The trial court denied this request and sustained the motion to dismiss on May 5, 1981. Three days later, on May 8, 1981, defendant filed a "Motion to Set Aside, Vacate or Modify Dismissal or for New Trial," alleging the court should not have denied defendant a continuance and oral argument on the motion. Defendant contended the petition would support recovery on theories other than alienation of affections. On May 27, 1981, the court overruled the motion. Subsequently, on June 26, 1981, within thirty days of the ruling on defendant's motion to set aside the dismissal but more than thirty days after the dismissal, plaintiff filed his notice of appeal from both rulings.

Plaintiff filed the second action a few days later, setting forth theories of recovery other than alienation of affections but relying on the same alleged conduct of defendant. Defendant moved to dismiss this petition also, alleging the action was barred by the *Fundermann* holding as well as by issue and claim preclusion. The trial court sustained the motion and dismissed the case on August 11, 1981, on the ground of claim preclusion. On August 17, 1981, plaintiff filed a "Motion to Set Aside, Vacate or Modify Dismissal or for a New Trial" as in the prior case. He also filed a motion asking the judge to recuse himself. On September 25, 1981, the court overruled both motions. Defendant filed a notice of appeal from all three rulings on October 26, 1981, more than thirty days after the dismissal but within thirty days of the other two rulings.

■ The determinative question in both appeals is whether the notices of appeal were timely. Iowa R.App.P. 5(a) provides that appeals to this court "must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or judgment notwithstanding the verdict as provided in R.C.P. 247, or a motion as provided in R.C.P. 179(b) is filed, and then within thirty days after the entry of the ruling on such motion . . . ." This provision is mandatory and jurisdictional. *Qualley v. Chrysler Credit Corp.,* 261 N.W.2d 466, 471 (Iowa 1978).

In support of his contention that the notices of appeal were timely, plaintiff asserts the motions to set aside the dismissal were rule 179(b) motions. If the motions were not authorized by rule 179(b), the appeals were admittedly untimely because attempted more than thirty days after the dismissals.

Except as may be provided by separate rule, a rule 179(b) motion lies only when addressed to a ruling made upon trial of an issue of fact without a jury. This is because rule 179(b) ordinarily applies only when rule 179(a) applies, and rule 179(a) dictates procedures to be followed by a court in finding facts and stating legal conclusions when "trying an issue of fact without a jury . . . ." *City of Eldridge v. Caterpillar Tractor Co.,* 270 N.W.2d 637, 640 (Iowa 1978). Rule amendments effective July 1, 1980, extended the applicability of rule 179(b) to summary judgment entered on an entire case and to district court decisions on judicial review of agency action in contested cases. *See* Iowa R.Civ.P. 237(c) and 333(c). Otherwise rule 179(b) would not apply in those situations. *See City of Eldridge,* 270 N.W.2d at 640–41 (summary judgment); *Budde v. City Development Board,* 276 N.W.2d 846, 851 (Iowa 1971) (judicial review of agency decision).

■ Rule 179(b), however, does not apply to rulings on motions to dismiss a petition under rule 104(b) for "[f]ailure to state a claim on which any relief can be granted." No issue of fact is raised by a motion to dismiss. *Union Trust & Savings Bank v. Stanwood Feed & Grain, Inc.,* 158 N.W.2d 1, 3 (Iowa 1968). A motion to dismiss is to be sustained only when it appears to a certainty that no relief could be obtained under any state of facts provable in support of the allegations of the petition. *Citizens for Washington Square v. City of Davenport,* 277 N.W.2d 882, 883–84 (Iowa 1979). This is a legal rather than factual inquiry. Unlike rules 237(c) and 333(c), rule 104(b) has not been amended to make rule 179(b) applicable.

■ Cogent arguments can be made for and against giving parties an automatic opportunity to request a court to reconsider any otherwise final ruling. Parties frequently are confident that the merits of their positions will prove irresistible on second hearing. If the court does change its decision, appeal may sometimes become unnecessary. In reality, however, a second hearing is often merely repetitious and involves burdens of time and delay that the system can neither bear nor afford. *See Hogan v. Chesterman,* 279 N.W.2d 12, 14–15 (Iowa 1979). The narrower purpose and applicability of rule 179(b) have been reviewed elsewhere and need not be repeated here. *See, e.g., Berger v. Amana Society,*

254 Iowa 1036, 1040, 120 N.W.2d 465, 467 (1963); Stoltenberg, *Recent Developments Under Rule 179 of the Iowa Rules of Procedure: What Does the Rule Mean—Now?,* 31 Drake L.Rev. 131, 132–50 (1981–82). It is sufficient to note that rule 179(b) was unavailable to attack the dismissal rulings in these cases.

Because the thirty-day time limit for appeal in Iowa R.App. 5(a) was not extended by an authorized motion in either case, the appeals were untimely and must be dismissed.

APPEALS DISMISSED.