Barry **BECK** and Anna Beck, and John Joseph Beck and Lisa Marie Beck, Minors, by their Mother and Next Friend Anna Beck, Appellants,

v.

Michael J. **FLEENER** and Spring Park Oral and Maxillofacial Surgery Associates, P.C., Appellees.

No. 84–863.

Supreme Court of Iowa.

Nov. 13, 1985.

Arthur L. Buzzell and Richard I. Vesole of Newport & Buzzell, Davenport, for appellants.

Thomas J. Shields and Robert V.P. Waterman, Jr., of Lane & Waterman, Davenport, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, SCHULTZ and WOLLE, JJ.

McCORMICK, Justice.

This appeal involves questions of jurisdiction, error preservation and the correctness of one of the court's instructions. We conclude we have jurisdiction, pass the question of error preservation, and find no reversible error in the challenged instruction. Therefore we affirm the trial court.

Anna Beck, her husband Barry, and their children John and Lisa, brought the action against defendants Michael J. Fleener, an oral surgeon, and the professional corporation by which Dr. Fleener was employed, seeking damages based on injuries to Anna caused by the alleged malpractice of Dr. Fleener. The case was tried to a jury which returned a verdict for defendants. Plaintiffs filed posttrial motions which were overruled. This appeal followed.

I. *Jurisdiction.* The jurisdictional question arises from the fact plaintiffs did not take their appeal within thirty days of the trial court's order overruling their motion for new trial. The motion for new trial, alleging error in an instruction, was

overruled on February 27, 1984. Nine days later, on March 8, 1984, plaintiffs filed a motion to reconsider. The trial court overruled that motion on April 2, 1984. Plaintiffs filed their notice of appeal on May 1, 1984, within thirty days of the order overruling their motion to reconsider but sixty-two days after the order overruling their motion for new trial.

The time for appeal is prescribed by Iowa Rule of Appellate Procedure 5(a). In relevant part the rule provides that "appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment, or decree, unless a motion for new trial or judgment notwithstanding the verdict, or a motion as provided in R.C.P. 179(b), is filed, and then within thirty days after the entry of the ruling on such motion...." If the appeal was untimely, we must dismiss it even though defendants did not raise the issue. *See Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 468 (Iowa 1978).

■ Because plaintiffs' appeal was not taken within thirty days of the order overruling their motion for new trial, we have jurisdiction of the appeal only if their motion to reconsider was a motion provided for in Iowa Rule of Civil Procedure 179(b). Rule 179 provides:

(a) The court trying an issue of fact without a jury, whether by equitable or ordinary proceedings, shall find the facts in writing, separately stating its conclusions of law; and direct an appropriate judgment. No request for findings is necessary for purposes of review. Findings of a master shall be deemed those of the court to the extent it adopts them.

(b) On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted. But a party, on appeal, may challenge the sufficiency of the evidence to sustain any finding without having objected to it by such motion or otherwise.

Except as provided in rules 237(c) and 333(c), not applicable here, a rule 179(b) motion lies only when addressed to a ruling made upon trial of an issue of fact without a jury. *Kunau v. Miller*, 328 N.W.2d 529, 530 (Iowa 1983). The question thus is whether the hearing on plaintiffs' motion for new trial constituted a trial of an issue of fact without a jury within the meaning of rule 179. *See Kagin's Numismatic Auctions, Inc. v. Criswell*, 284 N.W.2d 224, 226 (Iowa 1979). The court did not reach this issue in *Sykes v. Iowa Power & Light Co.*, 263 N.W.2d 551, 553 (Iowa 1978).

■ Although plaintiffs' motion for new trial raised only a legal issue, defendants resisted in part on the ground that plaintiffs failed to preserve error. A factual dispute then arose concerning whether plaintiffs were given an opportunity to object to a revised instruction before jury arguments. The trial court resolved this dispute against plaintiffs, although the court also overruled the motion on the merits. Issues of fact in new trial hearings are triable as in ordinary actions at law. *See Scott v. Hawk*, 105 Iowa 467, 471, 75 N.W. 368, 369 (1898). Not every new trial hearing will involve fact issues, but we need not decide in this case whether a rule 179(b) motion is available when the hearing involves only legal issues. Because plaintiffs' motion to reconsider was in substance a timely rule 179(b) motion, the period for appeal was extended to thirty days from the date of the order overruling that motion. Their appeal was therefore timely.

■ We add this warning. Motions to reconsider that are not in substance motions for new trial or rule 179(b) motions will not extend the time for appeal. This court has long held that attempted appeals from orders denying motions to reconsider previous rulings raise no legal question. *See Stover v. Central Broadcasting Co.*, 247 Iowa 1325, 1332, 78 N.W.2d 1, 5 (1956) ("Generally such an appeal raises no legal question and no error can be predicated upon it."). This is because an appeal ordinarily must be taken from the ruling in which the error is said to lie. *Id.*

II. *Error preservation.* The alleged instructional error relates to one sentence added by the trial court to an instruction defining direct and circumstantial evidence. Following the definition of circumstantial evidence the court added a statement informing the jury that, "Circumstantial evidence, however, may not be used when an opinion of experts is required under Instruction No. 13." In their motion for new trial plaintiffs alleged the instruction was erroneous "in that Iowa law does not prohibit the use of circumstantial evidence when an opinion of experts is required in a medical malpractice claim." Defendants responded that plaintiffs had not objected to the instruction when objections were taken at trial and that, in any event, the instruction was correct.

The transcript contains a record of the parties' objections to instructions in a proceeding conducted before jury arguments. Defendants objected to the giving of the instruction on circumstantial evidence, but plaintiffs did not object to it. Plaintiffs contend that the court added the offensive language in response to defendants' objection and that they were not given an opportunity to object to the instruction as modified. They rely on the provision of rule 196 permitting objections to such late revisions in a motion for new trial.

The trial court found against plaintiffs on the facts, stating that the revision was in the instruction at the time the objections were taken. The court also defended the correctness of the instruction. When plaintiffs challenged the court's version of the facts in their motion to reconsider, the court reiterated its findings.

We are unable to determine from this record which version of events is correct. The parties and court admittedly discussed the revision in an unreported proceeding before the revision was made, but the record does not disclose whether that discussion occurred before or after the reported objections were taken. We note that the transcript does not show the court told counsel before objections were taken that the instructions were in final form as required by rule 196 nor does it show any ruling by the court on defendants' objections. We believe the parties and trial court should have taken more care in making the record on the instructions.

Because we do not find reversible error in the revised instruction, we pass the question whether error was preserved.

■ III. *The instruction.* It appears that the court defined direct and circumstantial evidence in order to instruct the jury on its probative value. The instruction informed the jury that, "Circumstantial evidence may be just as compelling as any other evidence, provided all the circumstances are of such a nature and character as to establish that the fact sought to be proved is more probably so than not so." In fact, of course, we no longer distinguish between the probative value of direct and circumstantial evidence. *See* Iowa R.App.P. 14(f)(16); *Harsha v. State Savings Bank,* 346 N.W.2d 791, 800 (Iowa 1984). The probative value of all evidence is determined under the basic standard of relevancy. For the guidance of the bench and bar, we point out that no useful purpose is served by attempting to instruct a jury on the difference between direct and circumstantial evidence.

In the present case, once having made a distinction, the trial court went one step further and informed the jury that circumstantial evidence could not be used when expert testimony was required under instruction 13. Plaintiffs contend the court erred in adding this language to the instruction. In instruction 13 the court told the jury the standard of care required of defendants and the proximate cause of Anna's injuries had to be established through expert opinion testimony. Plaintiffs do not complain about instruction 13. The effect of the revision of the circumstantial evidence instruction was merely to tell the jury that the expert opinion testimony required by instruction 13 had to be direct evidence.

■ Expert opinion testimony is a form of direct evidence. This is because

"the basis of inference is the assertion of a human being as to the existence of a thing in issue...." IA Wigmore, *Evidence* § 24 at 944 (Tillers rev. 1983). Therefore the trial court said nothing in the revision of the circumstantial evidence instruction that was not already said in instruction 13. The revision was unnecessary but harmless.

We find no merit in plaintiffs' contention that the challenged instruction barred the jury from making inferences in weighing and comparing the evidence on their claim against Dr. Fleener of negligence in obtaining Anna's consent to the surgery. To the extent they are complaining that expert testimony should not have been required to establish that breach of duty, their quarrel is with instruction 13, not with the circumstantial evidence instruction. To the extent their complaint is based on an argument that the jury was otherwise precluded from considering circumstantial evidence, the complaint is unfounded.

We find no reversible error in the language added to the circumstantial evidence instruction. Therefore we affirm the judgment.

AFFIRMED.