Michael E. BELLACH, Appellee,

v.

IMT INSURANCE COMPANY, Appellant.

No. 96–1198.

Supreme Court of Iowa.

Jan. 21, 1998.

Steven J. Pace, Diane Kutzko and Douglas R. Oelschlaeger of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellant.

Tom Riley and Mark E. Liabo of Tom Riley Law Firm, P.C., Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

Michael and Sandra Bellach were insureds under a homeowners policy with IMT Insurance Company that excluded coverage for losses resulting from an act committed at the direction of an insured "and with the intent to cause a loss." After Sandra burned down their house and then committed suicide, the company denied Michael coverage, citing the exclusion. Michael brought this action to assert a contractual right to recover under the policy.

The fighting issue at trial was whether, given Sandra's mental state, she intended to cause a loss. Experts on both sides agreed she suffered from a major depressive disorder; they disagreed on the presence of psychotic (delusional) features and, as a result, whether she intended to "cause a loss" or, rather, to merely kill and cremate herself. The court, noting the case was "close," reserved ruling on IMT's motions for directed verdict pending the outcome of the jury's deliberations.

By special verdict, the jury found Sandra did *not* "intend to set the fires and cause any damage." IMT filed combined posttrial motions, renewing its motion for directed verdict and alternatively seeking judgment notwithstanding the verdict or new trial. Bellach moved for new trial on the issue of damages or, in the alternative, for additur. The court denied all motions.

Nine days later, on January 19, 1996, IMT moved under Iowa Rule of Civil Procedure 179(b) for an enlargement or amendment of the court's ruling. On June 12, 1996, the court denied the motion, referring to its earlier posttrial ruling and rulings made during the course of trial. IMT then filed its notice of appeal. The notice came within thirty days of the court's ruling on IMT's rule 179(b) motion but some five months after the

court's denial of IMT's motion for judgment notwithstanding the verdict or for new trial.

On appeal IMT renews its claim that it was entitled to judgment as a matter of law on the exclusion clause or a new trial based on errors in the court's instructions to the jury. Although our review of the record yields scant support on the merits, the important question is whether we have jurisdiction to consider the appeal at all. Submitted with the appeal is a motion, filed by Bellach, asserting that IMT's rule 179(b) motion failed to toll the time for filing an appeal under Iowa Rule of Appellate Procedure 5. For the reasons that follow, we agree and dismiss the appeal.

■■■ I. Rule 5 of our appellate rules measures the time for appeal from several events, among them rulings on motions to enlarge or amend findings and conclusions under Iowa Rule of Civil Procedure 179(b):

> [A]ppeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or judgment notwithstanding the verdict ... *or a motion as provided in R.C.P. 179(b), is filed, and then within thirty days after the entry of the ruling on such motion* . . . .

Iowa R.App. P. 5 (emphasis added). A motion urged under rule 179(b), however, "lies only when addressed to a ruling made upon trial of an issue of fact without a jury." *Kunau v. Miller,* 328 N.W.2d 529, 530 (Iowa 1983); *accord Beck v. Fleener,* 376 N.W.2d 594, 596 (Iowa 1985); *Suckow v. Boone State Bank & Trust Co.,* 314 N.W.2d 421, 424 (Iowa 1982). This limit on the rule's application stems from the very language used in rule 179(a), which places the motion to enlarge or amend in context. *City of Eldridge v. Caterpillar Tractor Co.,* 270 N.W.2d 637, 640 (Iowa 1978); *accord Kunau,* 328 N.W.2d at 530; *see* Iowa R. Civ. P. 179(a) ("The court trying an issue of fact without a jury [shall find the facts and direct an appropriate judgment].""); *see also Suckow,* 314 N.W.2d at 424 (holding rule 179(b) applies to court's legal conclusions as well as factual findings). A motion relying on rule 179(b), but filed for an improper purpose, will not toll the thirty-day

period for appeal under Iowa Rule of Appellate Procedure 5. *Beck,* 376 N.W.2d at 596; *City of Eldridge,* 270 N.W.2d at 640. The appellate deadlines, of course, are mandatory and jurisdictional. *Kunau,* 328 N.W.2d at 530.

The question is whether IMT can properly rely on its rule 179(b) motion to extend appellate deadlines here. It cites two jury cases in which this court permitted the resolution of a rule 179(b) motion to extend the time for appeal under appellate rule 5. *See Woody v. Machin,* 380 N.W.2d 727, 729 (Iowa 1986); *Beck,* 376 N.W.2d at 596. In each case, however, the precise ruling in question involved the trial of an issue of fact not presented to the jury. *Woody* involved a challenge to the court's posttrial factual findings concerning costs and the scope of an abatement order. *Woody,* 380 N.W.2d at 729. In *Beck,* a posttrial factual dispute arose over plaintiffs' opportunity to object to a revised instruction before jury arguments commenced. *Beck,* 376 N.W.2d at 596. We held the motion to reconsider was "in. substance" a timely rule 179(b) motion, permitting extension of the time for filing notice of appeal. *Id.; accord Woody,* 380 N.W.2d at 729.

 A cautionary note included in *Beck* bears repeating here: not every "motion to reconsider" will extend the time for appeal. *Beck,* 376 N.W.2d at 596. "[A]ppeals from orders denying motions to reconsider previous rulings raise no legal question ... because an appeal ordinarily must be taken from the ruling in which the error is said to lie." *Id.* (citation and quoted authority omitted). Put another way, the propriety (or necessity) of using rule 179(b) to seek expanded rulings in a jury trial is the exception, not the rule. Our warning was in keeping with sound policy explained in *Kunau:*

> Cogent arguments can be made for and against giving parties an automatic opportunity to request a court to reconsider any otherwise final ruling. Parties frequently are confident that the merits of their positions will prove irresistible on second hearing. If the court does change its decision, appeal may sometimes become unnecessary. In reality, however, a second hear-

ing is often merely repetitious and involves burdens of time and delay that the system can neither bear nor afford.

*Kunau,* 328 N.W.2d at 530.

 II. Avoidance of repetitious hearings, and their attendant expense and delay, lies at the heart of the controversy before us. If IMT's rule 179(b) motion had challenged an issue of fact tried by the court without a jury, or sought an amendment or enlargement of a legal conclusion reached by the court in that context, then its motion would have properly tolled the time for appeal. This however was not a trial to the court within a trial by jury as in *Woody* and *Beck.* IMT's motion amounted to no more than a rehash of legal issues raised—and decided adversely to it—by way of summary judgment before trial, directed verdict at the close of plaintiff's case, record objections to jury instructions, renewed motion for a directed verdict at the close of all the evidence, motion for JNOV, and motion for new trial. It is axiomatic that the determination of whether a party is entitled to judgment as a matter of law is a legal question, not a matter of factual resolution. *City of Eldridge,* 270 N.W.2d at 640. The only thing accomplished by IMT's post-posttrial motion was a five-month delay in entry of judgment on the jury's verdict.

Moreover, we are convinced there are no preservation-of-error dilemmas lurking here, as IMT so strenuously suggests. This was an exceptionally well-tried case, with seasoned lawyers and an experienced trial judge. As the litany of motions described above reveals, counsel took every opportunity to make objections on the record. IMT nevertheless complains that the court's rulings were insufficient in two particulars to preserve them for appellate review: (1) "Bellach's improper injection of motive into the case," and (2) miscellaneous errors in instructions. Although neither contention comes within the limited scope of rule 179(b) recognized in *Woody* and *Beck,* we address them briefly.

*Motive.* This is essentially a non-issue. In an attempt to rebut the inference of "intent" flowing from Sandra's act of setting the house on fire, Michael elicited testimony

from IMT's adjuster, and others, that the house was underinsured, thereby suggesting that some motive other than financial gain prompted Sandra's act. At IMT's urging, however, the court rejected Michael's proposed jury instruction on "motive." The court likewise rejected IMT's proposed instruction telling the jury to disregard "why Sandra Bellach set the fires." Right or wrong, the court resolved the dispute as a matter of law during the jury instruction colloquy. No further elaboration, by counsel or the court, could thereafter alter the record preserved for appeal. *See* Iowa R. Civ. P. 196 ("No other grounds or objections [except those made and ruled on before arguments to the jury] shall be asserted thereafter, or considered on appeal.").

 *Other instructions.* IMT's contention that its rule 179(b) motion was essential to preserve alleged error on other instructional issues is similarly flawed. *See id.* It concedes the long-settled rule that a motion for new trial is not necessary to preserve instructional error. *Scurlock v. City of Boone,* 142 Iowa 580, 585, 120 N.W. 313, 315 (1909). Further record was hardly necessary here. The transcript reveals that defense counsel objected—generally and specifically—to *every* instruction proposed by the court, including its statement of the case. Even in a proper case, a rule 179(b) motion is required to preserve an issue for appeal only when the court "fails to resolve an issue, claim, defense, or legal theory the parties have properly submitted to it for adjudication." *State Farm Mut. Auto. Ins. Co. v. Pflibsen,* 350 N.W.2d 202, 206 (Iowa 1984). Here the court's resolution of the issues raised by the instruction colloquy could not be plainer.

In short, neither the language of rule 179(b) nor our cases interpreting it support IMT's use of the rule to toll the time for appeal. The appeal must be dismissed.

**APPEAL DISMISSED.**