LAVORATO, Chief Justice.
Explore Information Services appeals from a district court ruling on its application for adjudication of law points and its motion to reconsider pursuant to Iowa Rule of Civil Procedure 179(b). Because we conclude the rule 179(b) motion was not an appropriate challenge to the adjudication of law points ruling, Explore’s filing of the rule 179(b) motion did not toll the time for appeal. The time for appeal expired long before the rule 179(b) ruling, resulting in an untimely appeal. We therefore must dismiss the appeal.
I. Background Facts and Proceedings.
Explore Information Services (Explore), a division of RAM Center, Inc., is a Minnesota corporation. Since 1992, Explore has provided insurance companies with information related to convictions for driving violations in fifteen states. Insurance companies use this information to determine whether they should issue or renew policies.
Before 1995, Explore employees would take laptop computers to the clerk’s offices in the ninety-nine Iowa county courthouses, look up the actual citations given to drivers, and enter into their computers data on adjudicated citations. The open records law gave Explore’s employees free access to the records.
In 1995, Explore began receiving driving conviction information electronically from each county’s district court clerk, via the Iowa Court Information System (ICIS). According to Explore, it and ICIS entered into an “agreement” whereby ICIS would *52 provide the compiled conviction data from all Iowa counties once a month in an electronic format, charging a fee of $100 to $200 per month.
Iowa Code section 321.491 requires district court clerks to create abstracts of driving convictions and forfeitures of bail and forward the records to the Iowa Department of Transportation (IDOT) within ten days after the conviction or forfeiture of bail. Iowa Code § 321.491 (1997). A 1994 amendment to section 321.491 authorized clerks to create and forward the information in electronic format. 1994 Iowa Acts ch. 1074, § 2. Before 1997, section 321.491 did not impose a fee on public requests for copies of driving conviction records. But once the records were forwarded to the IDOT, that agency charged fifty cents per record. Iowa Code § 321.10 (1997) (authorizing the IDOT to provide upon request a certified copy of any record of the department, charging a fee of fifty cents per document).
In 1997, the legislature amended section 321.491 to require district court clerks to collect a fifty-cent fee “for each copy of any record of conviction or forfeiture of bail furnished to any requestor except the [IDOT] or other local, state or federal government entity.” 1997 Iowa Acts ch. 104, § 23. Money collected by the clerks of court would be transferred to the IDOT. Id. According to a fiscal note, the fee collected would “be used to enhance the efficiency of processing records and information” between the IDOT and ICIS.
The 1997 amendment went into effect July 1 of that year. Shortly thereafter, the judicial branch, pursuant to the amendment, began charging Explore fifty cents for each copy of a driving conviction record. Explore’s bills increased from between $100 and $200 per month to between $20,000 and $30,000 per month.
Several months later, this court denied Explore’s application for a supervisory order and request for a temporary injunction. Thereafter, on November 12, 1997, Explore filed a petition for declaratory judgment and immediate temporary injunction in the district court. Explore alleged that since the 1997 amendment to section 321.491, the IDOT “has insisted that ICIS collect” the fifty-cent fee from Explore. Explore claimed the billing practices
insisted upon by the IDOT and carried out by ICIS are: (a) not authorized or required by Iowa law ...; (b) in violation of Iowa public records law ...; (c) in violation of Iowa’s long standing public policy to provide public records for the reasonable cost of reproduction; and (d) ... unconstitutional.
Explore requested an immediate temporary injunction restraining ICIS and the IDOT from demanding payment in excess of the reasonable cost of reproduction of the driving conviction records in an electronic format. It also requested the court enter a declaratory judgment (1) holding Iowa law does not authorize or require billing “in the manner done by ICIS, at the direction of the IDOT,” (2) directing ICIS and the IDOT to provide driving conviction records at a cost of no more than the reasonable cost of reproduction of the records, and (3) directing ICIS and the IDOT to refund to Explore all sums paid in excess of reasonable costs of reproduction.
On November 25, ICIS filed a motion to dismiss or, alternatively, to correct or recast the petition. ICIS claimed because it was not a legal entity subject to suit, it must be dismissed as a defendant, or Explore must replace it with a defendant with the capacity to be sued. This motion prompted Explore to amend its petition by adding the judicial branch as a defendant. The record does not show that the district *53 court ever ruled on ICIS’s motion to dismiss. (For convenience we hereinafter refer to ICIS and the judicial branch collectively as “the judicial branch.”)
Following a hearing on December 12, the district court granted Explore’s motion for temporary injunction. The court ordered the judicial branch to continue providing Explore with conviction information as it had since passage of the 1997 amendment. However, the court enjoined the judicial branch from collecting the fifty-cent per record fee if Explore posted a sufficient bond. Explore posted the bond.
On June 17, 1998, Explore filed an application for adjudication of law points, which the judicial branch resisted. Explore asked the district court to answer the following:
Whether Iowa Code section 321.491, unnumbered paragraph 2, Code Supp. 1997, authorizes or directs the judicial branch to collect a fee of [fifty cents] for each copy of any record of conviction or forfeiture of bail, when such records are provided through the Iowa Court Information System, in electronic format, on a monthly basis, in bulk.
Explore submitted a statement of uncon-troverted facts with its application.
Meanwhile, the legislature again amended Iowa Code section 321.491. See 1998 Iowa Acts ch. 1178, § 9. The 1998 amendment became effective July 1, 1998, and distinguished between individual copies of driving conviction records furnished at the clerk’s office and records supplied in bulk electronic form. It required district court clerks to collect the fifty-cent fee for each individual copy of conviction records furnished to requestors at the clerk’s office.
The 1998 amendment added the following language to paragraph 2 of section 321.491:
Notwithstanding any other provision in this section or chapter 22, the judicial department shall be the provider of public electronic access to the clerk’s records of convictions and forfeitures of bail through the Iowa court information system and shall, if such records are provided monthly to a vendor, ... collect a fee from such vendor which is the greater of three thousand dollars per month or the actual direct cost of providing the records.
1998 Iowa Acts ch. 1178, § 9.
On September 10, 1998, the district court filed its ruling on Explore’s motion to adjudicate law points. The court discussed the 1997 and 1998 amendments to section 321.491. The court concluded that the 1998 amendment was a material change to the statute and as a result was presumed to alter the law. The court further concluded that the 1997 amendment did not create an exemption for records provided by the judicial branch, and refused to read such an exemption into the 1997 amendment. Finally, the court concluded:
Iowa Code section 321.491, unnumbered paragraph 2, Code Supp.1997, authorized the judicial branch to collect a fee of fifty cents for each copy of any record of conviction or forfeiture of bail when such records are provided through the IDOT, any clerk of court office, or through ICIS, in electronic form or otherwise, from July 1, 1997 through June 30, 1998. Because of this conclusion, no other pending motions need be ruled upon. This ruling disposes of the case, which is hereby dismissed, with court costs to be paid by plaintiff.
Explore filed a motion for reconsideration pursuant to Iowa Rule of Civil Procedure 179(b), requesting that the court consider the transcript of the temporary injunction proceedings. Explore attached *54 to its motion for reconsideration a transcript of the temporary injunction proceedings, portions of a deposition, answers to interrogatories, and a response to a request for the production of documents. Explore asked the court to examine the attached materials, reconsider its ruling, and either rule in Explore’s favor or, in the alternative, set the matter for oral hearing in order to take additional evidence.
The judicial branch resisted, arguing in part that a rule 179(b) motion was not the proper vehicle to challenge the court’s ruling on the application to adjudicate law points.
The district court denied Explore’s rule 179(b) motion on November 30, 1998. The court did not determine whether its prior ruling could be challenged by a rule 179(b) motion, concluding that it was “not convinced its prior decision was in error.”
Explore appealed. The judicial branch moved to dismiss the appeal as untimely. Later, we ordered the motion to dismiss be submitted with the appeal and instructed the parties to address the issue of timeliness of Explore’s appeal. Although Explore has raised several issues, we limit our discussion to the motion to dismiss because our decision on this issue is dis-positive of the appeal.
II. Jurisdiction: Motion to Dismiss — Timeliness of Appeal.
The judicial branch’s motion to dismiss raises a jurisdictional question. The jurisdictional question arises from the failure of Explore to appeal within thirty days of the district court’s ruling on Explore’s application to adjudicate law points. The district court’s ruling was filed on September 10, 1998. Eight days later, on September 18, Explore filed its motion to reconsider pursuant to Iowa Rule of Civil Procedure 179(b). The district court denied that motion on November 30, 1998. Explore filed its notice of appeal on December 21, 1998, within thirty days of the order denying its motion to reconsider but 102 days after the ruling on its application to adjudicate law points.
Iowa Rule of Appellate Procedure 5(a) prescribes the time for appeal. The rule provides in relevant part that
appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment, or decree, unless a motion ... as provided in R.C.P. 179(b) is filed, and then within thirty days after the entry of the ruling on such motion....
Iowa R.App. P. 5(a). We have held this rule is mandatory and jurisdictional, requiring us to dismiss a case not meeting these deadlines even if the parties do not raise the issue. Beck v. Fleener, 376 N.W.2d 594, 596 (Iowa 1985); Kunau v. Miller, 328 N.W.2d 529, 530 (Iowa 1983).
Because Explore did not appeal within thirty days of the order overruling its application to adjudicate law points, we have jurisdiction of the appeal only if the motion to reconsider was appropriate to challenge the ruling on the application for adjudication of law points. If the motion was not appropriate, then Explore’s notice of appeal, filed more than thirty days after the ruling on the application to adjudicate law points, was late and this court is without jurisdiction. Osborne v. Iowa Natural Resources Council, 336 N.W.2d 745, 747 (Iowa 1983). If the motion was appropriate, then the thirty-day period provided for filing appeal was tolled. Id.
The critical question then is whether a rule 179(b) motion is appropriate to challenge an adjudication of law points ruling. Rule 179(b) provides in relevant part:
On motion joined with or filed within the time allowed for a motion for new trial, *55 the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted....
In Osborne and Kunau, this court discussed situations where a rule 179(b) motion is authorized and effective. Osborne, 336 N.W.2d at 747; Kunau, 328 N.W.2d at 530. Except as provided by separate rule, not applicable here, such a motion is restricted to a nonjury ruling on an issue of fact. Id.
Iowa Rule of Civil Procedure 116 (formerly Rule 105, amended and redesignat-ed, effective January 24, 1998), regarding applications for adjudication of law points, provides:
The court may in its discretion, and must on application of a party, made after issues are joined and before trial, separately hear and determine any point of law raised in any pleading which goes to the whole or any material part of the ease. It shall enter an appropriate final order before trial of the remaining issues, adjudicating the point so determined, which shall not be questioned on the trial of any part of the case of which it does not dispose. If such ruling does not dispose of the whole case, it shall be deemed interlocutory for purposes of appeal.
Iowa R. Civ. P. 116.
In State ex rel. Miller v. Hydro Mag, Ltd., we described the purpose and use of an application for adjudication of law points:
Generally, an application for separate adjudication of law points is only considered when the questions of law arise from uncontroverted pleadings. If the pleadings reveal fact issues with respect to the law points, disposition under rule 105 is generally inappropriate unless the parties stipulate the facts. No facts,' other than stipulated facts, which are established outside the pleadings may be examined and no evidence may be taken to either support or resist the application. We will not assume or speculate on controverted facts, this being contrary to a rule 105 ruling.
We have, however, adjudicated purely legal issues under a rule 105 application when the facts were controverted or disputed .... But we still decline to adjudicate a rule 105 application that requires a court answer speculative and abstract legal questions which may become moot by the time the facts are finally determined. Therefore, we will adjudicate a rule 105 application, despite the existence of controverted pleadings or unsti-pulated facts, only when the trial court is presented a legal issue that is independent of a disputed factual issue and a ruling favorable to the applying party will necessarily be dispositive of the case in whole or in part.
379 N.W.2d 911, 913 (Iowa 1986) (citations omitted) (second emphasis added).
In Easter Lake Estates, Inc. v. Polk County, we addressed the issue of a rule 179(b) motion following an adjudication of law points. 444 N.W.2d 72 (Iowa 1989). In that case, the district court entered judgment for Polk County on its application for adjudication of law points pursuant to rule 105. Id. at 73. The plaintiff moved to enlarge and amend the district court’s findings pursuant to rule 179(b). Id. at 73-74. Eight months later, the district court ruled on the motion. In its ruling, the court rescinded the prior order and entered judgment against Polk County, even though the plaintiff had not asked for such relief. Id. at 74. We held that the plaintiffs use of a rule 179(b) motion was ineffective to challenge the district court’s ruling on the county’s application for adjudication of law points or to delay appeal from the ruling. Id. The district *56 court, we said, was therefore “without authority to reverse itself eight months later after the ruling and reinstate Polk County as a party.” Id. We then reversed the district court’s 179(b) ruling and reinstated its previous ruling. Id.
We explained our holding this way:
Neither by its terms nor by its purpose ... is a rule 105 adjudication amenable to [a rule 179(b)] challenge. Ordinarily, an adjudication under rule 105 is appropriate only when a question of law arises from uncontroverted pleadings. Given the underlying purpose of the rule — to dispose of a case on a point of law where the facts are undisputed — -a motion to enlarge or amend findings would have no application. Moreover, the rule itself provides that such an adjudication is a “final order ... which shall not be questioned on the trial of any part of the case of which it does not dispose.” Thus we have said that “[w]here a ruling on an application to adjudicate law points under Iowa Rule of Civil Procedure 105 disposes of the entire case, it is an appealable final order.”
Id. (citations omitted).
In its application for adjudication of law points, Explore alleged:
The following point of law goes to the whole or material part of this case, and has been raised in the pleadings filed in this case: Whether Iowa Code section 321.491, unnumbered paragraph 2, Code Supp.1997, authorizes or directs the judicial branch to collect a fee of [fifty cents] for each copy of any record of conviction or forfeiture of bail, when such records are provided through the Iowa Court Information System, in electronic format, on a monthly basis, in bulk.
Explore further alleged that this point of law “involves the interpretation of a statute, which is a legal issue that may be raised by a Rule 116 application.” Finally, Explore alleged that this point of law “arises from uncontroverted facts contained on the record or in the pleadings of this case or, in the alternative, if there is a disputed fact, the legal issue is independent of such disputed facts.”
In support of its application, Explore submitted a statement of uncontroverted facts. Those facts included the language of section 321.491 before the 1997 amendment, after the 1997 amendment, and after the 1998 amendment. The statement further stated that (1) Explore purchased records in electronic format from ICIS monthly at a fee based on the reasonable cost of reproduction and (2) after the 1997 amendment the charge was fifty cents per record, at a fee of more than $20,000 per month.
The judicial branch resisted the application, arguing that (1) ICIS is not a lawful custodian of clerk of court records and (2) the 1998 amendment materially changed the law. In its reply to this resistance, Explore argued in part: “[T]he court is required to rule on the application for adjudication of law points, and is precluded from considering additional evidence for this question of pure statutory interpretation.” As Explore urged, the district court treated the issue as one of statutory interpretation. The court concluded the 1997 amendment authorized the judicial branch to collect the fifty-cent fee for driving records.
Clearly, as Explore argued to the district court and as the district court correctly recognized, the only issue raised by the application for adjudication of law points was one of statutory interpretation: whether the 1997 amendment authorized the judicial branch to collect the fifty-cent fee for driving records. The district court *57 could decide this issue based on uncontro-verted pleadings as restated in Explore’s statement of uncontroverted facts. The ruling, favorable to the judicial branch, disposed of the whole case. Therefore, under our Easter Lake holding, Explore’s 179(b) motion was ineffective to challenge the district court’s rule 116 ruling.
While a rule 179(b) motion may concern factual disputes or legal conclusions, it is necessary to preserve error only when the district court fails to resolve an issue, claim, or legal theory properly submitted for adjudication. Arnold v. Lang, 259 N.W.2d 749, 753 (Iowa 1977). Here, the district court resolved the issue submitted to it for adjudication. As the judicial branch points out, “Explore admits in its brief that the basis for its challenge to the district court’s ruling on the rule 179(b) motion is ‘substantively identical’ to its challenge to the district court’s final ruling on the merits.” Explore’s rule 179(b) motion therefore “amounted to no more than a rehash of legal issues raised— and decided adversely to it — by way of’ the district court’s ruling on Explore’s application for adjudication of law points. See Bellach v. IMT Ins. Co., 573 N.W.2d 903, 905 (Iowa 1998).
Because it was ruling on an application to adjudicate law points, the district court was limited to the uncontroverted facts found in the pleadings. See Reynolds v. Nowotny, 213 N.W.2d 648, 651 (Iowa 1973). The court could not consider the facts Explore presented in its rule 179(b) motion, because it could not have considered them in conjunction with its initial ruling on Explore’s rule 116 application. A rule 179(b) motion was not the proper vehicle to challenge the adjudication of law points ruling. That ruling was a final order which could only be challenged by an appeal filed within the time limits of Iowa Rule of Appellate Procedure 5(a). We must accordingly sustain the motion to dismiss and dismiss the appeal as untimely.
We agree with the judicial branch that the three cases Explore relies on to distinguish its rule 179(b) motion from the motion we found inappropriate in Easter Lake fail in that respect. The rule 179(b) motions in Woody v. Machin, 380 N.W.2d 727 (Iowa 1986), and Beck addressed fact issues that arose during posttrial hearings before the district court following jury trials. Woody, 380 N.W.2d at 729 (party challenged the court’s fact findings concerning costs and the scope of an abatement order); Beck, 376 N.W.2d at 596 (factual dispute arose over a party’s opportunity to object to jury instructions). We held in both cases that the rule 179(b) motion extended the deadline for appeal because the motion raised factual issues tried to the court. Woody, 380 N.W.2d at 729; Beck, 376 N.W.2d at 596.
In the third case, Bellach, the rule 179(b) motion challenged the court’s denial of numerous posttrial motions. 573 N.W.2d 903, 904 (Iowa 1998). We concluded that the rule 179(b) motion “amounted to no more than a rehash of legal issues” previously raised by the proponent of the motion. Id. at 905. For that reason, we concluded the motion did not toll the time for appeal and dismissed the appeal as untimely. Id. Contrary to Explore’s assertions, Bellach actually is consistent with Easter Lake. Additionally, the three cases Explore cites do not address the procedure a party must follow to challenge a ruling on an adjudication of law points.
III. Disposition.
Because the rule 179(b) motion was not an appropriate challenge to the district court’s adjudication-of-law-points ruling, Explore’s filing of the rule 179(b) motion did not toll the time for appeal. For this *58 reason, the appeal wás untimely and we must therefore dismiss it.
APPEAL DISMISSED.