# IN THE COURT OF APPEALS OF IOWA

No. 14-0750
Filed February 25, 2015

**A.J.S. OF DES MOINES, INC. d/b/a SERVICEMASTER BY RICE,**
Plaintiff-Appellee,

**vs.**

**VARAHA, INC.,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Buena Vista County, Carl J. Petersen, Judge.

Varaha, Inc. appeals from the denial of a motion to reconsider a summary judgment ruling. **APPEAL DISMISSED.**

Joel D. Vos of Heidman Law Firm, L.L.P., Sioux City, for appellant.

Billy J. Mallory of Brick Gentry, P.C., West Des Moines, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

We must decide whether an appeal from the denial of a motion to reconsider a summary judgment ruling is timely.

## I. Background Proceedings

A.J.S. of Des Moines, Inc., doing business as ServiceMaster by Rice, filed a petition against the owner of certain real estate to foreclose on a mechanic's lien. The owner, Varaha, Inc., answered and counterclaimed. In time, the parties filed cross-motions for summary judgment. The district court granted ServiceMaster's motion and dismissed Varaha's claim.

Varaha filed a "motion to reconsider" the order. In support of the motion, Varaha asserted, "Through inadvertence, it appears neither counsel pointed the court to controlling authority that appears to be directly on point . . . ." The district court concluded "this is not a determination made by the Court that is subject to reconsideration." The court nonetheless addressed the newly cited authority and found it inapplicable. The court denied the motion to reconsider and Varaha appealed.

## II. Timeliness of Appeal

Iowa Rule of Appellate Procedure 6.101(1)(b) states:

> A notice of appeal must be filed within 30 days after the filing of the final order or judgment. However, if a motion is timely filed under Iowa R. Civ. P. 1.904(2) . . . , the notice of appeal must be filed within 30 days after the filing of the ruling on such motion.

Rule 1.904(2) authorizes motions for enlarged findings and conclusions.

Varaha filed its notice of appeal more than thirty days after the summary judgment ruling but within thirty days of the denial of its motion to reconsider.

The parties concede the motion to reconsider was filed under the auspices of rule 1.904(2). They also agree the motion is traditionally used where a court tries "an issue of fact without a jury." *See* Iowa R. Civ. P. 1.904(1); *Bellach v. IMT Ins. Co.*, 573 N.W.2d 903, 904 (Iowa 1998) (stating rule 1.904(1) "places the motion to enlarge or amend in context"). They disagree on whether the motion tolled the time to file a notice of appeal in this case.

Varaha contends rule 1.981(3), governing summary judgments, makes rule 1.904(2) applicable if summary judgment is rendered on the entire case. *See* Iowa R. Civ. P. 1.981(3).[1] In its view, this language sets forth a "special rule" allowing application of the tolling exception to a situation "where the Court was not making findings of fact without a jury." *See Meier v. Senecaut*, 641 N.W.2d 532, 538 (Iowa 2002) (stating "absent the application of a *special rule*, a [rule 1.904(2)] motion is not available to challenge a ruling that did not involve a factual issue but instead was confined to the determination of a legal question" (emphasis added) (citing *Explore Info. Servs. v. Iowa Ct. Info. Sys.*, 636 N.W.2d 50, 55-57) (Iowa 2001)).

Varaha's argument is appealing at first blush. However, the cited language of rule 1.981(3) is subject to a judicial gloss. *See Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 640 (Iowa 2013). To receive the benefit of the "tolling exception," a party must not only have filed a notice of appeal within thirty days after the denial of a rule 1.904(2) motion but also must

---

[1] The rule states in pertinent part: "If summary judgment is rendered on the entire case, rule 1.904(2) shall apply."

have filed the motion "for the proper reason." *Id.* at 641. Proper reasons include the following:

> [W]hen the district court fails to make specific findings, a rule 1.904(2) motion is an appropriate mechanism to preserve error. Moreover, if the movant asks the court to examine facts it suspects the court overlooked and requests an expansion of the judgment in view of that evidence, then the motion is proper.

*Id.* (citations omitted). In contrast, a motion is improper where the motion only seeks additional review of a question of law with no underlying issue of fact. *See id.* A motion also is improper where it is "no more than a rehash of legal issues raised—and decided adversely to it—by way of summary judgment before trial." *Bellach*, 573 N.W.2d at 905.

Varaha's motion sought nothing more than the consideration of additional legal precedent "inadverten[ly]" overlooked prior to the summary judgment ruling. This was not a "proper reason." *See Sierra Club*, 832 N.W.2d at 640. Accordingly, the tolling exception was inapplicable.

Varaha had to file its notice of appeal within thirty days after the date of the district court's summary judgment ruling. Because Varaha failed to meet this deadline, we lack jurisdiction to consider the appeal. *See Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 668 (Iowa 2013) ("We have previously explained that a failure to file a timely notice of appeal leaves us without subject matter jurisdiction to hear the appeal.").

**APPEAL DISMISSED.**