# IN THE SUPREME COURT OF IOWA

No. 14–1969

Filed February 26, 2016

**LARRY R. HEDLUND,**

Appellant,

vs.

**STATE OF IOWA; K. BRIAN LONDON,** Commissioner of the Iowa Department of Public Safety, Individually; **CHARIS M. PAULSON,** Director, Division of Criminal Investigation, Individually; **GERARD F. MEYERS,** Assistant Director, Division of Criminal Investigation, Individually; and **TERRY E. BRANSTAD,** Individually,

Appellees.

Appeal from the Iowa District Court for Polk County, Dennis J. Stovall, Judge.

A former state law enforcement agent appeals a district court's interlocutory ruling dismissing his claim for wrongful discharge in violation of public policy. **APPEAL DISMISSED.**

Thomas J. Duff of Duff Law Firm, P.L.C., Des Moines, and Elizabeth Flansburg of Lawyer, Dougherty, Palmer & Flansburg, PLC, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Jeffrey C. Peterzalek and Julie J. Bussanmas, Assistant Attorneys General, for appellees.

**MANSFIELD, Justice.**

In this interlocutory appeal, a former agent of the Iowa Division of Criminal Investigation (DCI) challenges the district court's dismissal of his claim for wrongful discharge in violation of public policy. The agent's application for leave to appeal was filed more than thirty days after the district court's order but within thirty days of the court's denial of the plaintiff's motion to amend findings and conclusions under Iowa Rule of Civil Procedure 1.904(2). The defendants urge that the appeal is untimely and should be dismissed.

Applying our settled precedent that rule 1.904(2) is not available to seek mere reconsideration of a legal ruling and our equally settled precedent that an improper rule 1.904(2) motion does not toll the time for appeal, we conclude the agent's appeal is untimely. Therefore, we dismiss the appeal. Because the dismissed appeal was interlocutory, the agent may appeal the ruling on his public-policy wrongful-discharge claim at the conclusion of this case.

## I. Background Facts and Proceedings.

Because we are reviewing the grant of a motion to dismiss for failure to state a claim, we accept all well-pleaded facts as true. *Dier v. Peters*, 815 N.W.2d 1, 3–4 (Iowa 2012).

Larry Hedlund was a long-time employee of the Department of Public Safety (DPS), and in April 2013, he was working for the DCI. On April 26, while driving on Highway 20, he noticed a black SUV traveling at what he believed to be a "hard ninety." Hedlund reported the speeding SUV to the local dispatch. The Governor and Lieutenant Governor were among the SUV's passengers. The vehicle was not pulled over or ticketed at that time.

On April 29 and 30, Hedlund sent several emails related to this incident. On May 1, the DCI placed Hedlund on paid administrative leave. The DPS Commissioner terminated Hedlund's employment on July 17.

On August 8, Hedlund filed a petition in the Polk County District Court alleging wrongful discharge in violation of public policy and Iowa Code section 70A.28(2) (2013).[1] Hedlund named the State of Iowa, DPS Commissioner Brian London, DCI Director Charis Paulson, and DCI Assistant Director Gerard Meyers—in their individual capacities—as defendants.

Additionally, on August 12, Hedlund filed an appeal of his termination notice with the Employment Appeal Board (EAB) pursuant to Iowa Code section 80.15.[2] On August 15, Hedlund also filed an appeal of his termination with the Public Employment Relations Board (PERB)

---

[1]Section 70A.28(2) provides in part:

A person shall not discharge an employee from . . . a position in a state employment system administered by, or subject to approval of, a state agency as a reprisal for . . . a disclosure of information to any other public official or law enforcement agency if the employee reasonably believes the information evidences a violation of law or rule, mismanagement, a gross abuse of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

[2]Section 80.15 provides in part:

After . . . twelve months' service, a peace officer of [DPS], who was appointed after having passed the examinations, is not subject to dismissal, suspension, disciplinary demotion, or other disciplinary action resulting in the loss of pay unless charges have been filed with the department of inspections and appeals and a hearing held by the employment appeal board created by section 10A.601, if requested by the peace officer, at which the peace officer has an opportunity to present a defense to the charges.

pursuant to Iowa Code section 70A.28(6).[3]

On September 25, the defendants moved for a stay of the court proceedings, arguing that Hedlund's suit was premature until his pending administrative appeals were adjudicated. Hedlund responded by asking both agencies for declaratory orders. *See* Iowa Code § 17A.9(1)(*a*). Specifically, he asked both agencies to rule that he did not have to exhaust their remedies before bringing wrongful-discharge claims in district court and that their remedies were not exclusive. Hedlund also advised the district court that he would agree to a stay until the petitions for declaratory orders were resolved.

On November 1, the court granted the defendants a stay in the proceedings pending the outcome of Hedlund's administrative appeals. On December 10, the EAB issued a ruling on Hedlund's request for a declaratory order. The ruling stated the only remedy available in the Iowa Code section 80.15 hearing was reinstatement. It also said that if Hedlund wanted reinstatement, he had to pursue such relief under section 80.15. Hedlund retired from DPS and on January 21, 2014, dismissed his appeal before the EAB.

On April 7, Hedlund asked the district court to lift the stay. He described the EAB's ruling and added that PERB had not yet ruled on his petition for a declaratory order. (It turned out that PERB ruled that day.) The defendants responded to Hedlund's filing the next day and joined his

---

[3]Section 70A.28(6) provides in part:

> An employee eligible to pursue an administrative action pursuant to this subsection who is discharged, suspended, demoted, or otherwise receives a reduction in pay and who believes the adverse employment action was taken as a result of the employee's disclosure of information that was authorized pursuant to subsection 2, may file an appeal of the adverse employment action with the public employment relations board within thirty calendar days following . . . the effective date of the action . . . .

request to lift the stay. The court entered an order lifting the stay on April 30.

Once district court proceedings resumed, Hedlund filed an amended petition on May 1 naming the Governor in his individual capacity as an additional defendant. The new petition also alleged that the defendants had committed defamation and intentional infliction of emotional distress. On May 19, the defendants moved to dismiss Hedlund's petition pursuant to Iowa Rule of Civil Procedure 1.421(1)(f).[4]

The defendants filed briefs in support of dismissal on May 19 and July 7. Hedlund filed briefs in resistance of dismissal on June 16 and July 21. On July 23, the court held a hearing on the motion to dismiss. At the conclusion of the hearing, the court stated,

> [W]hat I'll do is, I'm going to leave the record open for the plaintiff to submit any additional briefing that he deems appropriate. And you must have that to me no later than August 1st. And then I will give the defendant a chance to file anything that they deem appropriate by August 12. And as of August 12th, the record will close and the matter will be submitted. Okay.

Both parties consented to this procedure on the record.

Hedlund filed his supplemental brief on August 1 and the defendants filed theirs on August 6.

On September 15, the district court issued its ruling on the motion to dismiss. The court granted the motion with regard to Hedlund's claim of wrongful discharge in violation of public policy, finding that "no clearly defined and well-recognized [public policy] exception protected Plaintiff's actions." Additionally, the court concluded that Hedlund had statutory protection from wrongful discharge under Iowa Code section 80.15 and

---

[4]This rule provides in part, "The following defenses or matters may be raised by pre-answer motion: . . . [f]ailure to state a claim upon which relief may be granted."

that this protection "diminishe[d] the idea that he had a compelling need for protection from wrongful discharge" at common law. The court declined to dismiss the remaining counts in Hedlund's petition.

On September 25, Hedlund filed a motion to amend the court's dismissal ruling, invoking Iowa Rule of Civil Procedure 1.904(2).[5] This filing did not cite new facts or new Iowa law. Instead, Hedlund primarily argued that the dismissal of the common-law wrongful-discharge count was inconsistent with some out-of-state appellate decisions that had not previously been cited to the court. On October 6, the defendants filed a resistance to Hedlund's motion. On October 17, Hedlund filed a reply brief.

The reply brief had two exhibits attached. One was a copy of the December 10, 2013 ruling of the EAB. The other was a copy of the April 7, 2014 ruling of PERB.

The court denied the motion to amend on October 30 stating,

> Upon review, the Court finds that Plaintiff has presented no new facts or authority that persuades the Court to amend its prior ruling. The prior ruling was issued based on the consideration of existing Iowa law. Plaintiff has not shown that the Court made a mistake of law or fact in its Ruling. The Plaintiff merely disagrees with the conclusion reached by the Court. Mere disagreement with the result is not a basis for this Court to amend or enlarge its previous ruling.

On November 26, Hedlund filed an application for interlocutory review with this court. We granted Hedlund's application on December 19, staying further district court proceedings.

---

[5]This rule provides in part:

On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted.

## II. Standard of Review.

Our standard of review for a district court's ruling on a motion to dismiss is for correction of errors at law. *Mueller v. Wellmark, Inc.*, 818 N.W.2d 244, 253 (Iowa 2012). We will affirm a district court's grant of a motion to dismiss if the petition fails to state a claim upon which relief may be granted. *See King v. State*, 818 N.W.2d 1, 8 (Iowa 2012). "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014).

## III. Analysis.

We must deal with a threshold matter. The State challenges Hedlund's interlocutory appeal as untimely. If the State is correct, we are without jurisdiction to hear Hedlund's appeal.[6] We consider challenges to our jurisdiction before other issues in a case. *See Tigges v. City of Ames*, 356 N.W.2d 503, 511 (Iowa 1984).

According to the Iowa Rules of Appellate Procedure,

> An application for interlocutory appeal must be filed within 30 days after entry of the challenged ruling or order. However, if a motion is timely filed under Iowa R. Civ. P. 1.904(2), the application must be filed within 30 days after the filing of the ruling on such motion.

Iowa R. App. P. 6.104(1)(*b*)(2).

Hedlund filed his application for interlocutory review seventy-one days after the district court ruled on the State's motion to dismiss. In the meantime, he had filed—and the court ruled on—a rule 1.904(2) motion to amend the court's ruling on the motion to dismiss.

---

[6]Although the defendants opposed Hedlund's application for interlocutory review partly on the ground that the appeal was untimely, we did not rule on that issue in granting the application. Thus, it remains for us to resolve now.

We have repeatedly stated that only a "proper rule 1.904(2) motion" extends the time for appeal from the date of the original ruling. *See Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 668 (Iowa 2013); *In re Marriage of Okland*, 699 N.W.2d 260, 266–67 (Iowa 2005) ("[A]n untimely or improper rule 1.904(2) motion cannot extend the time for appeal." (Footnote omitted.)); *Explore Info. Servs. v. Iowa Ct. Info. Sys.*, 636 N.W.2d 50, 54 (Iowa 2001) (considering a motion to reconsider under 1.904(2) and noting "[i]f the motion was not appropriate, then [the plaintiff's] notice of appeal . . . was late and this court is without jurisdiction"); *Bellach v. IMT Ins. Co.*, 573 N.W.2d 903, 904–05 (Iowa 1998) ("A motion relying on rule [1.904(2)], but filed for an improper purpose, will not toll the thirty-day period for appeal . . . ."); *Beck v. Fleener*, 376 N.W.2d 594, 596 (Iowa 1985) ("[W]e have jurisdiction of the appeal only if [plaintiffs'] motion to reconsider was a motion provided for in [rule 1.904(2)].")

In *Kunau v. Miller*, 328 N.W.2d 529, 530 (Iowa 1983), we addressed whether a rule 1.904(2) motion may properly follow the granting of a motion to dismiss. There, the plaintiff sued for alienation of affection, and the defendant moved to dismiss the claim. *Id.* at 529. The trial court sustained the motion. *Id.* Three days after the court's ruling, the defendant filed a "Motion to Set Aside, Vacate or Modify Dismissal or for New Trial," which the court overruled. *Id.* Within thirty days of the court's ruling on the defendant's motion to set aside but more than thirty days after the ruling on the motion to dismiss, the plaintiff filed a notice of appeal from both rulings. *Id.*

The plaintiff asserted that his appeal was timely because the motion to set aside was a rule 1.904(2) motion, which tolled the time to

appeal.[7]  *Id.* at 530.  However, we concluded that "a rule [1.904(2)] motion lies only when addressed to a ruling made upon trial of an issue of fact without a jury."  *Id.*  We held,

> Rule [1.904(2)] . . . does not apply to rulings on motions to dismiss a petition under rule [1.421(1)(f)] for "[f]ailure to state a claim on which any relief can be granted."  No issue of fact is raised by a motion to dismiss.

*Id.* (quoting Iowa R. Civ. P. 1.421(1)(f)).  Consequently, we dismissed the appeal as untimely.  *Id.* at 531.

In our opinion, we noted that the rules regarding summary judgment and contested case proceedings had been amended to make rule 1.904(2) applicable to them.  *Id.* at 530; *see* Iowa R. Civ. P. 1.981(3) ("If summary judgment is rendered on the entire case, rule 1.904(2) shall apply."); Iowa R. Civ. P. 1.1603 ("In proceedings for judicial review of agency action in a contested case . . . [t]he provisions of rule 1.904(2) shall apply.").  We pointed out that no similar change had been made to our rule regarding motions to dismiss.  *See Kunau*, 328 N.W.2d at 530.  Nor has such a change been made since then.  *See* Iowa R. Civ. P. 1.421.  Thus, *Kunau* is still basically good law.

In *Bellach*, we found that a rule 1.904(2) motion filed after the denial of a motion for judgment notwithstanding the verdict or for new trial did not extend the time for appeal.  573 N.W.2d at 904.  We emphasized that the motion "amounted to no more than a rehash of legal issues" previously raised and decided.  *Id.* at 905.  We also noted that there were "no preservation-of-error dilemmas lurking here" and that

---

[7]The *Kunau*, *Bellach*, and *Explore Information Services* decisions cite to rules 179(b) and 104(b), which have since been renumbered to rules 1.904(2) and 1.421(1)(f) respectively.  Because the relevant content of the rules has not changed, we cite to the rules' current numberings throughout.

"[t]he only thing accomplished by IMT's post-posttrial motion was a five-month delay in the entry of judgment on the jury's verdict." We therefore dismissed the appeal as untimely. *Id.* at 905–06.

In *Explore Information Services*, we followed *Kunau* in dismissing an appeal that was filed more than thirty days after the district court had ruled on a motion for adjudication of law points but less than thirty days after the district court had denied plaintiff's rule 1.904(2) motion. 636 N.W.2d at 53–54, 57–58. The requested adjudication was dispositive of the case, and the facts supporting it were uncontroverted by the parties. *Id.* at 56–57. We said, "[A rule 1.904(2)] motion is restricted to a nonjury ruling on an issue of fact." *Id.* at 55. Given that the nature of such an adjudication is "to dispose of a case on a point of law where the facts are undisputed," we held a rule 1.904(2) motion cannot be applied to such a proceeding—thus rendering the appeal untimely. *Id.* at 56–57 (quoting *Easter Lake Estates, Inc. v. Polk Cty.*, 444 N.W.2d 72, 74 (Iowa 1989)).

Other decisions have restated the heart of the matter—i.e., that rule 1.904(2) is a tool for correction of factual error or preservation of legal error, not a device for rearguing the law. "[A]bsent the application of a special rule, a rule [1.904(2)] motion is not available to challenge a ruling that did not involve a factual issue but instead was confined to the determination of a legal question." *Meier v. Senecaut*, 641 N.W.2d 532, 538 (Iowa 2002). This is because "[a] second hearing solely involving a legal issue is merely repetitive." *Id.* "[A] rule 1.904(2) motion raising a purely legal issue does not extend the time for appeal." *Lamasters v. State*, 821 N.W.2d 856, 863 n. 1 (Iowa 2012).

It is true that in *Sierra Club Iowa Chapter v. Iowa Department of Transportation*, we found that a rule 1.904(2) motion was properly filed after a district court issued an *incomplete* ruling on a motion to dismiss.

832 N.W.2d 636, 641–42 (Iowa 2013). In that case, the plaintiff's rule 1.904(2) motion drew attention to certain "summary" aspects of the district court's decision. *Id.* at 641. These included that the district court had not addressed the standard of review, did not explain why a certain provision of the Iowa Code applied, and had given "no rationale to resolve the apparent discrepancy between its decision and the jurisprudence of our court." *Id.* at 641–42. Hence, we found the motion proper because it was filed "to preserve error." *Id.* at 642. We reiterated, however, that a motion amounting "to no more than a rehash of legal issues raised and decided adversely" or "used merely to obtain reconsideration of the district court's decision" would not toll the time for appeal. *Id.* at 641 (quoting *Explore Info. Servs.*, 636 N.W.2d at 57).

Hedlund maintained in his appellate briefing and at oral argument that his motion to amend the district court's ruling presented new facts. We disagree. We have reviewed his September 25, 2014 motion and eight-page supporting brief in their entirety. It is clear the only new material they contain is some citation and discussion of out-of-state cases that could have been presented earlier—i.e., during the extensive briefing that occurred before the trial court's ruling. Thus, the September 25 filing is an example of a pure "rehash of legal issues" that was not necessary "to preserve error." *See id.*

Hedlund claims he had not previously quoted from the portion of Iowa Code section 80.15, which indicates that Hedlund on taking office had to take "an oath . . . to uphold the laws and Constitution of the United States and Constitution of the State of Iowa." Iowa Code § 80.15. He contends that this is a "new fact" in support of his wrongful discharge claim. Again, we disagree. Section 80.15 had already been addressed at length by the parties. While this portion had not previously been quoted,

Hedlund had emphasized his statutory duty under chapter 80 to enforce the laws, and the district court had addressed that point in its original ruling.

During oral argument before us, Hedlund made the further point that his October 17 reply brief in support of his rule 1.904(2) motion contained two exhibits. These were copies of the two administrative rulings by the EAB and PERB on his petitions for declaratory orders. Hedlund attached these exhibits to bolster his contention that "[t]he only protection afforded by section 80.15 is . . . reinstatement." However, that point was already before the court. By its terms, Iowa Code section 80.15 does not provide damage remedies. In its original ruling granting the motion to dismiss the common-law wrongful-discharge count, the district court noted that Hedlund had statutory protections "from wrongful discharge" in that he was not "subject to dismissal" unless charges had been filed and a hearing held. Hence, the court was under no misimpression about the facts, nor was its reasoning so cryptic as to raise preservation-of-error concerns. *Cf. Sierra Club*, 832 N.W.2d at 641–42. The parties had already pointed out in their August briefing that Hedlund had chosen not to pursue his section 80.15 remedy but had elected to drop his administrative appeal from the termination and retire from DPS. And in any event, the October 17 reply brief should be distinguished from the September 25 rule 1.904(2) motion itself, especially given that the reply brief was not filed until more than thirty days after the district court's initial ruling.

Thus, Hedlund's motion did not address any actual or possible factual misconceptions by the district court. It did not address lacunae in the court's ruling. It was not necessary to preserve error for appeal. It simply cited more authority in support of the same arguments that had

already been rejected. Because Hedlund's motion to amend was not a proper rule 1.904(2) motion, this appeal is untimely, and it must be dismissed.

We close with two important points. First, dismissal of this appeal does not foreclose Hedlund from challenging the ruling that he has no claim for wrongful discharge in violation of public policy. Hedlund retains the ability to appeal that ruling at the conclusion of the case. Second, this court is aware that rule 1.904(2) has been subject to criticism. We have initiated an effort to explore its possible amendment.

## IV. Conclusion.

For the foregoing reasons, we dismiss this appeal.

**APPEAL DISMISSED.**