**IN THE COURT OF APPEALS OF IOWA**

No. 15-1229
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN AARON SWIFT,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, J. Hobart Darbyshire,

Senior Judge.


        Justin Swift appeals the district court's denial of his motion to reconsider

the reimbursement of attorney fees.  **REVERSED.**


        Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Justin Swift appeals the district court's denial of his motion to reconsider the reimbursement of attorney fees and court costs following the dismissal of his criminal charges. We reverse the district court's assessment of attorney fees and court costs for Swift's dismissed charges.

## I.    BACKGROUND FACTS AND PROCEEDINGS

In May 2014, Swift, a seventeen year old, was arrested for theft, burglary, and possession of a controlled substance. On August 28, 2014, Carrie Clark was appointed to represent Swift. On the same day, the juvenile court waived jurisdiction due to Swift being on probation in Illinois, the seriousness of the crime, and the fact Swift would turn eighteen in October 2014.

The trial information was filed in the district court on October 1, charging Swift with theft in the first degree, in violation of Iowa Code sections 703.1, 714.1 and 714.2(1) (2013); burglary in the second degree, in violation of Iowa Code sections 703.1, 713.1 and 713.5; and possession of a controlled substance (marijuana), in violation of Iowa Code section 124.401(5). On January 14, 2015, the district court approved attorney Clark's application to exceed the fee guidelines. The application to exceed guidelines included Swift's acknowledgement to "pay back some or all of the attorney fees incurred." On January 21, upon the State's motion, the court entered an order dismissing the charges against Swift. The court ordered Swift to pay the costs of the action and stated "after review of the file, having heard arguments of counsel, and reviewing available financial information the Court FINDS that attorney's fees total $1200.

Defendant has the reasonable ability to pay attorney's fees and is responsible for payment in full."

On February 13, Swift filed a motion to reconsider pursuant to Iowa Rule of Civil Procedure 1.904(2), claiming the court was not authorized to require repayment of costs or attorney fees when the charges against a defendant are dismissed. After a hearing on June 30, the court entered a ruling finding that Iowa Code section 815.9 (2013) does not address whether court costs can be assessed against a defendant when charges are dismissed. The court noted section 815.9(6) requires a person, who received legal assistance and was acquitted, to pay "all or a portion of the total costs and fees incurred for legal assistance." The court reasoned "dismissal has the same legal effect as acquittal," and therefore Swift should be required to pay costs and attorney fees. The court ordered the parties to "schedule a hearing on the issue of [Swift]'s ability to pay court costs and the cost of legal representation." This hearing was never scheduled, and Swift filed a notice of appeal on July 16.

## II.    STANDARD OF REVIEW

Swift claims the district court erred in assessing court costs and attorney fees against him. As statutory construction is involved, our review is on error. *State v. Dudley*, 766 N.W.2d 606, 612 (Iowa 2009).

## III.    MERITS

### A.    Jurisdiction

The State claims this court does not have jurisdiction to consider Swift's appeal because the district court's order dismissing Swift's charges was not a "final judgment of sentence." Iowa Code § 814.6(1)(a) (2013). Additionally, the

State notes Swift has not sought discretionary review or a petition for certiorari and his appeal was untimely.

The Iowa Supreme Court considered the taxation of court costs to an acquitted defendant in *State v. Dudley*, 766 N.W.2d 606, 624 (Iowa 2004), and did so on direct appeal and application for further review. Even if direct appeal is an improper way to review this issue, we may treat Swift's appeal as an application for discretionary review and "proceed as though the proper form of review had been requested." *See* Iowa R. App. P. 6.108. We find the district court's incorrect assessment of costs to Swift raises "a question of law important to the judiciary and the profession" and discretionary review is proper. Iowa Code § 814.1(2)(e).

The State also claims Swift's motion to reconsider was not timely. The court order dismissing Swift's charges and assessing costs and attorney fees was entered on January 21. Swift filed a motion to reconsider on February 13; twenty-three days later. Rule 1.904(2) states: "On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted." A 1.904(2) motion to enlarge "must be filed within fifteen days after" the filing of the district court's verdict or decision. Iowa R. Civ. P. 1.1007. Swift's 1.904 motion was not timely filed within the fifteen day period. However, the State did not challenge the timeliness of this motion at the hearing on Swift's costs and the district court did not rule on the timeliness issue. Therefore the State cannot now raise this issue on appeal. *See DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002).

The State also claims Swift did not timely bring this appeal. Iowa Rule of Appellate Procedure 6.101(1)(b) provides that "if a motion is timely filed under Iowa R. Civ. P. 1.904(2) . . . the notice of appeal must be filed within 30 days after the filing of the ruling on such motion." "[O]nly a 'proper rule 1.904(2) motion' extends the time for appeal from the date of the original ruling." *Hedlund v. State*, 875 N.W.2d 720, 725 (Iowa 2016) (citing *Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 668 (Iowa 2013)). When a 1.904 motion is "used to obtain a ruling on an issue that the court may have overlooked, or to request the district court enlarge or amend its findings when it fails to comply with rule 1.904(1), the motion is proper and will toll the time for appeal." *Bauer*, 832 N.W.2d at 669.

Here, the court's order of dismissal taxed court costs and attorney fees to Swift without explanation. Swift's 1.904 motion requested the court to reconsider and amend its order imposing court costs and attorney fees. We find Swift's motion was proper and extended the time for appeal. The ruling on Swift's motion occurred on June 30 and Swift filed his notice of appeal on July 16—and within the thirty-day deadline.

**B.      Attorney Fees and Costs**

While no Iowa case specifically addresses the factual situation present in this case, we find reasoning in *State v. Petrie* and its progeny control. Without an agreement evidencing Swift's intent to pay the court costs and attorney fees, we find Swift is not responsible for the costs and attorney fees associated with the dismissed charges. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (holding "that the provisions of Iowa Code section 815.13 and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees

and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan"); *see also State v. Goad*, No. 13–1319, 2014 WL 2885036, at *2 (Iowa Ct. App. June 25, 2014) (reversing court costs taxed by the district court for dismissed charges); *State v. Wheeler*, No. 11-0827, 2012 WL 3026274, at *1 (Iowa Ct. App. July 25, 2012) (reversing the district court's assessment of court costs to the defendant for dismissed charges).

We reverse the district court's assessment of court courts and attorney fees for Swift's dismissed charges.

**REVERSED.**