# IN THE COURT OF APPEALS OF IOWA

No. 18-1421
Filed August 7, 2019

**DAVE TOMLINSON,**
Plaintiff-Appellant,

**vs.**

**STATE OF IOWA,**
Defendant-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.

Dave Tomlinson appeals an order granting the State's motion to dismiss.

**AFFIRMED.**

Dave Tomlinson, Clarinda, pro se appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Dave Tomlinson filed a pro se "application for tort claims act" in the district court against the State. The application stated "false imprisonment" as the reason for the claim. The factual allegations attached to the application also touched on alleged malicious prosecution, violations of his rights against double jeopardy and cruel and unusual punishment, and faulty procedural matters. The gist of Tomlinson's application was that he was wrongfully imprisoned.

The State filed a pre-answer motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which any relief may be granted. *See* Iowa R. Civ. P. 1.421(1)(a), (f). In his resistance, Tomlinson clarified his tort claim "has two parts," one being wrongful imprisonment and the other being false imprisonment. Following an unreported hearing, the court entered an order granting the State's motion to dismiss for failure to state a claim upon which any relief may be granted. The court denied Tomlinson's post-ruling motion it considered as a motion to reconsider, enlarge, or amend under Iowa Rule of Civil Procedure 1.904(2), and this appeal followed.

Appellate review of a district court ruling on a motion to dismiss is for legal error. *Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016). The court correctly found Tomlinson's stated claim of false imprisonment is not a cognizable one under the Iowa Tort Claims Act. *See* Iowa Code § 669.14(4) (2018).[1] As to the claim of wrongful imprisonment, the court correctly concluded Tomlinson was not entitled to any relief as a matter of law because his convictions have not been

---

[1] We note the same provision also bars claims of malicious prosecution.

vacated, dismissed, or reversed—a necessary element of the cause of action required by Iowa Code section 663A.1(1)(d). We affirm the order granting the State's motion to dismiss. We do not consider any arguments Tomlinson raises for the first time on appeal or not ruled upon by the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

**AFFIRMED.**