# IN THE COURT OF APPEALS OF IOWA

No. 23-1560
Filed May 7, 2025

**IMERE DE'JON HALL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Ackley, Judge.

A postconviction-relief applicant appeals the district court's order dismissing his application. **AFFIRMED.**

Elena Greenberg of Greenberg Law, PLLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee State.

Considered without oral argument by Tabor, C.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

A jury found Imere Hall guilty of first-degree murder and first-degree robbery by aiding and abetting, and our court affirmed his convictions on appeal. *See State v. Hall*, No. 17-0570, 2018 WL 4635685, at *1–6 (Iowa Ct. App. Sept. 26, 2018). He then filed an application for postconviction relief (PCR) raising numerous claims of ineffective assistance of counsel. The PCR court denied the application. Hall appealed, claiming both that criminal trial counsel and PCR trial counsel were ineffective. While that appeal was pending, Hall filed two more PCR applications alleging his first PCR trial counsel was ineffective. The district court dismissed those applications as premature.

This court then affirmed the denial of Hall's first PCR application, addressing his claims of ineffective assistance of counsel relating to both criminal trial counsel and first PCR trial counsel. *Hall v. State*, No. 20-1630, 2022 WL 2827485, at *2–4 (Iowa Ct. App. Mar. 2, 2022). Hall then filed his fourth PCR application—the subject of this appeal.

The State filed a motion to dismiss Hall's fourth PCR application under Iowa Code section 822.3 (2022) because Hall filed it more than three years after procedendo issued in his direct appeal. Counsel for Hall then filed a motion to amend his PCR application. The PCR court heard arguments regarding both motions at one hearing. It issued an order granting the State's motion to dismiss without ruling on Hall's motion to amend. Hall appeals.

"Our standard of review for a district court's ruling on a motion to dismiss is for correction of errors at law." *Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016). Likewise, we review PCR proceedings for legal error, but to the extent that

Hall raises a constitutional claim, our review is de novo. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018).

We begin by recognizing that the only matter before this court is the PCR court's dismissal of his fourth PCR application.[1] The PCR court dismissed Hall's PCR application as time barred by section 822.3. On appeal, Hall does not deny that he filed his fourth PCR application outside the three-year statute of limitations set by section 822.3. Nor does he attempt to bypass the statute of limitations by asserting a "ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3. Instead, he essentially contends that it is unfair to subject him to the statute of limitations because his first PCR counsel was ineffective when raising his original ineffective-assistance claims and his first PCR action did not terminate until after the three-year window to initiate another PCR action closed.[2] We reject this contention for several reasons.

First, our supreme court recently explained that section 822.3 "is clear that

---

[1] To the extent that Hall attempts to challenge the dismissal of his second and third PCR applications, we do not have jurisdiction over those proceedings. *See* Iowa R. App. P. 6.101(1)(b) (requiring an appeal be filed within thirty days of a final order); *Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 668 (Iowa 2013) ("[A] failure to file a timely notice of appeal leaves us without subject matter jurisdiction to hear the appeal."). Hall also attempts to argue that the PCR court should have granted his motion to amend his PCR application. But the PCR court never ruled on his motion to amend, and Hall never filed a motion asking the court to make such a ruling. As a result, his claim is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

[2] Hall's argument partially relies on the premise that he could not have brought his ineffective-assistance claim on direct appeal. If he means he was barred by Iowa Code section 814.7 from having his ineffective-assistance claims decided on direct appeal, he is mistaken. Hall filed his direct appeal before the 2019 amendments to that section became effective. So he could have raised those claims on direct appeal. But if he means he could not prove those claims without making a record in a PCR proceeding, we accept his premise.

the ineffective assistance of first PCR counsel is not a reason to extend the statute of limitations on an applicant's [subsequent] PCR application." *Ruiz v. State*, 18 N.W.3d 453, 458 (Iowa 2025). The supreme court recognized that "[t]he only exception to the statute of limitations under Iowa Code section 822.3 that could possibly apply" when a PCR applicant files an application outside the three-year statute of limitations and asserts that counsel in a prior PCR proceeding was ineffective "is for 'a ground of fact or law that could not have been raised within the applicable time period.'" *Id.* at 459. And as previously noted, Hall makes no such assertion on appeal. Second, we consider Hall's appellate argument to amount to an equitable tolling argument. But we do not apply equitable tolling to PCR actions. *See James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014); *McGuinness v. State*, No. 23-1603, 2025 WL 707272, at *1 (Iowa Ct. App. Mar. 5, 2025) ("We have 'frequently held' that equitable tolling does not apply to Iowa Code section 822.3." (citation omitted)). Third, to the extent that Hall attempts to challenge the constitutionality of the portion of Iowa Code section 822.3 that abrogated *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018) (adopting a limited version of equitable tolling), his challenge fails. *See McCoy v. State*, No. 23-1286, 2025 WL 400745, at *3–4 (Iowa Ct. App. Feb. 5, 2025).

Finding no error in the district court's dismissal of Hall's fourth PCR application, we affirm.

**AFFIRMED.**