# IN THE COURT OF APPEALS OF IOWA

No. 24-1007
Filed October 1, 2025

**MOULAY DRISS TIDRIRI,**
        Plaintiff-Appellant,

**vs.**

**IOWA STATE BOARD OF REGENTS, KATIE MULHOLAND, MAUREEN DEARMOND, ELIZABETH HOFFMAN, SHERRY BATES, ROGER MADDUX, PATTY COWNIE, HOWARD LEVINE, JENNIFER DAVIDSON, DAWN BRATSCH PRINCE, ANNE VANDERZANDEN, EUGENE DEISINGER, ELGIN JOHNSTON, JUSTIN PETERS, LARRY MCKIBBEN, BEATE SCHMITTMANN, STEVEN LEATH, MICHAEL MARTIN, JONATHAN WICKERT, GLENN LUECKE, BRUCE RASTETTER, IOWA STATE UNIVERSITY, DAVID M. RANSCHT, CLIFFORD BERGMAN, MARY VERMEER, ANDRINGA, JORDAN G. ESBROOK, YIU TUNG POON, LESLIE HOGBEN, MARK MILLER, BOB DONLEY, WOLFGANG KLIEMANN, ZHIJUN WU, DENNIS VIGIL, GEORGE A. CARROLL, STEVEN FREEMAN, KATHRYN OVERBERG, SUSAN CARLSON, PAUL SACKS, JOAN CUNNICK, DOMENICO DALLESANDRO, MILT DAKOVITCH, CHRISTOPHER DEIST, and MICHAEL WHITEFORD,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Story County, Kurt J. Stoebe, Judge.


        A plaintiff appeals the district court's order granting the defendants' pre-answer motion to dismiss.  **AFFIRMED.**


        Dr. Moulay Tidriri, Gilbert, self-represented appellant.

        Brenna Bird, Attorney General, Breanne A. Stoltze, Assistant Solicitor General, and Ryan Sheahan and Ryan Pell, Assistant Attorneys General, for appellees.

Considered without oral argument by Greer, P.J., Sandy, J., and Telleen, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**TELLEEN, Senior Judge.**

In 2004, Dr. Moulay Tidriri was denied promotion to full professor at Iowa State University. Dr. Tidriri has spent the following two decades seeking to reverse that 2004 denial of promotion. In that time, he has brought various claims against the university and the other defendants in this case (collectively, "ISU") in an effort to obtain his long-sought promotion, all of which have categorically failed. We echo the sentiments expressed by the federal district court in one of Dr. Tidriri's prior suits, "This [c]ourt has wasted precious time and judicial resources on [Dr. Tidriri]'s cases." *See Tidriri v. Bd. of Regents*, No. 4:20-CV-00085, 2020 WL 6342750, at *1 (S.D. Iowa Sept. 24, 2020), *aff'd*, 859 F. App'x 745 (8th Cir. 2021) [hereinafter *Tidriri I*].

Dr. Tidriri first appealed the promotion denial decision to the university's appeals committee and provost, as well as the Iowa Board of Regents. He then lodged corruption and obstruction complaints with the chair of the university mathematics department in 2005, 2006, and 2007, initiating each successive complaint after the previous one was investigated and closed. Dr. Tidriri then alleged that ISU retaliated to his complaints through further corruption and fabrication of evidence. So in 2008 and 2009 he filed complaints with the U.S. Equal Employment Opportunity Commission and Iowa Civil Rights Commission, alleging multiple claims against ISU, including wrongful conduct, abuse of funds, harassment, and hostile work environment. Those complaints were administratively closed.

After the failure of these complaints and their associated appeals, Dr. Tidriri then sued ISU in the Story County district court in 2011. He alleged that ISU

committed breach of contract, violated the Iowa whistleblower statute, intentionally inflicted emotional distress, retaliated against him, denied him due process and equal protection, and caused him damages due to their acts in relation to his denial of promotion. This suit proceeded to trial in 2014, and a jury verdict denied all of Dr. Tidriri's claims.

Following a 2013 complaint, the university's faculty review board determined in January 2014 that Dr. Tidriri had engaged in unacceptable performance of his teaching, research, and service duties over the previous five academic years. Dr. Tidriri opted to have the resulting sanction decided by an administrative law judge rather than by the university's major sanction committee. The administrative law judge concluded that Dr. Tidriri refused to cooperate with the expectations and processes "by which all faculty are governed," such as refusing to produce a curriculum vitae (CV),[1] failing to complete annual reports and forms,[2] refusing required classroom observation for post-tenure reviews,[3] and refusing to propose any alternative plan of action or engage in mediation. The administrative law judge noted that Dr. Tidriri's complaints that the university failed to accommodate him following his refusals to cooperate with required procedures and policies was "reminiscent of a demand for sympathy as an orphan after killing

---

[1] The administrative law judge found that Dr. Tidriri had produced a CV of less than one page when comparable associate professors typically produce CVs ranging from eleven to over fifty pages in length. For example, his complete list of publications was summarized as, "Some publications." At least one of the journals with which Dr. Tidriri testified to have a pending publication stated it had never seen a draft or abstract of such publication.

[2] These failures resulted in the loss of research grant funding for the university.

[3] This refusal was notable considering student reviews that reported Dr. Tidriri as "late to class, rude, disrespectful, condescending, insulting, nonresponsive to questions, . . . and a poor teacher of the subject matter."

one's parents." Dr. Tidriri was recommended for immediate termination, which the university president approved and fully adopted. Dr. Tidriri then appealed the termination decision to the Iowa Board of Regents which affirmed the decision in February 2015.

Dr. Tidriri then began a spate of federal lawsuits against ISU. *See Tidriri v. Vermeer Andringa*, No. 4:17-cv-00066 (S.D. Iowa Feb. 22, 2017); *Tidriri v. Bd. of Regents*, No. 4:19-cv-00321, 2020 WL 6281405 (S.D. Iowa Sept. 24, 2020); *Tidriri I*, 2020 WL 6342750; *Tidriri v. Iowa State Univ.*, 4:23-cv-00373, 2024 WL 3394783 (S.D. Iowa June 3, 2024) [hereinafter *Tidriri II*]. All those cases were dismissed. In his most recent federal suit, the federal district court observed that Dr. Tidriri "is a vexatious litigant based on his harassing litigation behavior and abuse of the judicial process." *See Tidriri II*, 2024 WL 3394783, at *1. Despite previous courts' warnings that his cases are baseless and "frivolous," Dr. Tidriri "has responded by filing . . . more frivolous lawsuits which again waste judicial (and government attorney) resources and time in a quixotic attempt to reverse employment decisions by Iowa State University." *Id.* Most recently, the federal district court ordered that Dr. Tidriri "is ENJOINED from filing any new legal actions in the United States District Court for the Southern District of Iowa" against ISU or "concerning facts or issues involved in this or the related cases identified above" unless represented by counsel or having obtained written authorization from a district judicial officer. *Id.* at *7.

Dr. Tidriri also filed this suit in October 2023, around the same time as his latest federal suit. In his fifty-three-page petition he alleged that ISU committed numerous constitutional violations, negligence, breach of contract, and wrongful

discharge. The district court granted ISU's pre-answer motion to dismiss Dr. Tidriri's petition.[4]

We recap this procedural history to emphasize that the claims Dr. Tidriri now brings have been litigated thoroughly and repeatedly throughout his years of previous suits and appeals against ISU. While we agree and find no error in the district court's well-reasoned analysis on all points, this case can be most persuasively disposed of based on the principle of res judicata: each claim now raised was previously raised and fully litigated against the same defendants in Dr. Tidriri's 2014 jury trial. *See Hedlund v. State*, 875 N.W.2d 720, 724–27 (Iowa 2016).

Under the doctrine of res judicata, a court's final judgment "constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Bennett v. MC # 619, Inc.*, 586 N.W.2d 512, 516 (Iowa 1998) (citation omitted). Res judicata encompasses both claim preclusion—barring further litigation on a claim—and issue preclusion—barring further litigation on a specific issue. *Id.* A previous final judgment "between the same parties on the same claim is *final* as to all issues that could have" potentially been brought before the court on that claim. *Id.* at 517. We apply this doctrine to prevent a plaintiff from "a 'second bite' simply by alleging a new theory of recovery for the same wrong." *Id.* (citation omitted).

---

[4] Dr. Tidriri argues in part, for the first time on appeal, that the federal district court violated Iowa law by dismissing his federal suit's claims under the Iowa Civil Rights Act and Whistleblower Act. We do not have jurisdiction to hear appeals from federal district court orders. *See* 28 U.S.C. § 1291 (giving federal appellate courts "jurisdiction of appeals from all final decisions of the district courts of the United States").

As the district court stated, "[Dr. Tidriri]'s Petition demonstrates that he is attempting to attack the evidence admitted in that [2014] case and therefore the results of that trial. . . . [T]he case at hand is a transparent attempt by [Dr. Tidriri] to relitigate matters which have already been decided by the courts." We agree. And Dr. Tidriri cannot circumvent res judicata by marginally and superficially tweaking the same claims he previously made against the same defendants, most notably in his assertions the ISU fabricated evidence and continued its damaging acts during the 2014 trial and administrative hearing.

Finding all of Dr. Tidriri's claims thoroughly precluded by res judicata, we thus affirm the district court's order dismissing his petition.

**AFFIRMED.**